In the Matter of the Claim of DOLORES HEIKES, Respondent, v. TODAY'S DISPLAYS, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board, filed August 4, 1971, which allowed a claim for death benefits under the Workmen's Compensation Law. Decedent was president and an employee of Today's Displays, Inc., a corporation engaged in designing and constructing displays for various clients. On April 1, 1970 he was killed when the company owned car he was driving ran into an abutment on the Long Island Expressway at approximately 9:00 P.M. The proof showed, at the compensation hearing, that earlier that day decedent had visited the Eastman Kodak Gallery in New York City where his company was engaged in preparing and installing a display. He arrived at the gallery at about 5:30 P.M. and worked until about 8:00 P.M., after which time he proceeded in the direction of his home at Manhasset, New York. One business associate testified, however, that decedent worked until about 6:30 P.M. and then went to a bar and grill where the deceased and his business associates drank some alcoholic beverages, although this witness admitted that he was not certain at all that these events took place on the evening of decedent's death and this version was not accepted by the board. An autopsy showed a 0.28% of alcohol in his blood. The thrust of appellant's argument is that there is no competent credible evidence in the record to support the board's findings that the injuries sustained by the deceased were the result of an accident which arose out of and in the course of his employment. This contention is without merit. Outside employees whose jobs are of such nature that they have no regular working hours or fixed places in which they perform their duties are generally considered in the course of their employment from the time they leave their homes until they return. (*Matter of Devlin* v. *Petry & Co.*, 24 A D 2d 804, mot. for lv. to app. den. 17 N Y 2d 418; *Matter of Heeb*, v. *Chrysler Credit Corp.*, 39 A D 2d 987.) Undisputedly, as president of the employer corporation and being in charge of its operations, decedent was an outside employee. His automobile was provided by the employer and was essential to the carrying out of his duties and responsibilities. The evidence does not show a departure, deviation or abandonment of his employment. Indirectly raised by the appellants is the issue of intoxication, although it has admittedly not claimed that intoxication was the sole cause of the accident (Workmen's Compensation Law, § 21, subd. 4). Appellants urge that the concentration of 0.28% alcohol in the blood of decedent was evidence to establish that consumption of such an excess went far beyond the business connection with which it was initially associated. This court has rejected a similar argument in the *Matter of Sedlack* v. *J. & A. Custom Heating & Air Conditioning* (32 A D 2d 1020, affd. 27 N Y 2d 784). Furthermore, the finding that at the time of his death decedent was in the course of his employment was a factual determination of the board (*Matter of Mansfield* v. *General Adj. Bur.*, 27 A D 2d 783, affd. 20 N Y 2d 881), as was the conclusion that there was no substantial departure from that employment (*Matter of Dunn* v. *Supervised Investors Servs.*, 34 A D 2d 1067). Decision affirmed, with costs to the Workmen's Compensation Board. Staley, Jr., J. P., Greenblott, Cooke, Kane and Reynolds, JJ., concur.