Gabrielli, J.
On these appeals, here by our leave, we are asked to determine whether evidence of the alcoholic content of the blood of the deceased operator of a motorcycle, obtained during an autopsy shortly after death, was admissible in negligence actions against the town.
Subdivision 3 (par. [b]) of section 674 of the County Law provides that blood and urine tests shall be ordered by the coroner to determine alcoholic content where the deceased was operating a motor vehicle at the time of his death. The last sentence of that subdivision bars the use of the test results for evidentiary purposes “ in any legal action or other proceeding.” Section 677 (subd. 3, par. [b]) of the County Law, on the other hand, provides that autopsy records may be obtained by a Supreme Court Justice for his inspection. The instant cases are actions for death and personal injury against the Town of Nassau, Rensselaer County, for negligence in the maintenance of a bridge abutment. The Trial Judge refused to admit the victim’s autopsy report on the ground it was barred under section 674 (subd. 3, par. [b]) and the Appellate Division affirmed.
On June 1,1969 at approximately 8:00 p.m., William P. Cook was killed when the motorcycle he was operating went, off a *10 bridge culvert, hidden by foliage, and plunged into the culvert wing wall and stream below. John H. Lynch, his passenger, was injured. The accident occurred on a gravel road leading from Route 20 in Rensselaer County to a dead end near a stream where the two had spent some time. They were on their way back toward Route 20 when the accident occurred. Cook’s body was taken to Albany Medical Center where he was. pronounced dead on arrival. The jury returned verdicts for the plaintiffs.
There is no question before us concerning the .sufficiency of the evidence, the Appellate Division having expressly held that the jury’s determination should not be disturbed. Our problem is whether the courts below were correct in barring the autopsy report, part of which contained the alcohol analysis. Conceivably, this might have been of aid to the town in the defense of this action since the town was unsuccessful in producing evidence from any of the witnesses that Cook had imbibed more than one can of beer all afternoon.
Prior to 1971, when the present subdivision 3 (par. [b]) of section 674 was enacted, such alcohol analysis contained in an autopsy report was obtainable and admissible pursuant to case law (see Hayes v. City of New York, 23 A D 2d 832; Iovino v. Green Bus Lines, 277 App. Div. 1002). Those cases indeed advance forceful reasons why this evidence should be made available. The substance of the recently enacted subdivision 3 (par. [b]) of section 674, however, squarely makes such evidence inadmissible, thus: “The coroner or coroner and coroner’s physician, or the medical examiner, also shall make or cause to be made, quantitative tests for alcohol on the body of every operator of a motor vehicle or a pedestrian eighteen years of age or older who was involved in and died as a result of a motor vehicle accident; provided, however, such tests shall not be made pursuant to the provisions of this paragraph if such coroner, coroner’s physician or medical examiner has actual knowledge that the decedent is of a religious faith which is opposed to such test on religious or moral grounds. Such results shall he used only for the purpose of compiling statistical data and shall not he admitted into evidence or otherwise disclosed in any legal action tir other proceeding.’’ (emphasis added).
*11 Based on available legislative history, this provision was designed to bring New York into line with Federal requirements for the gathering and forwarding of statistics for use by the National Highway Safety Bureau of the United States Department of Transportation (Mem., Senator Caemmerer, N. Y. Legis. Annual, 1971, p. 438). It is plain that the proscription for use of the blood test in a negligence action could hardly be made more explicit.
Next, we turn to subdivision 2 of section 677, which provides for the contents and the keeping of autopsy records, and to subdivision 3 (par. [b]) of section 677 which states that: “ Such records shall be open to inspection by the district attorney of the county. Upon application of the personal representative, spouse or next of kin of the deceased or of any person who is or may he affected in a civil or criminal action hy the contents of the record of any investigation, or upon application of any person having a substantial interest therein, an order may be made by a court of record, or by a justice of the supreme court, that the record of that investigation be made available for his inspection, or that a transcript thereof be furnished to him, or both.” (emphasis added).
The town’s argument is that the Trial Judge had the power under this provision to obtain the autopsy report which would contain the alcohol analysis. The problem with this contention, however, is that the alcohol tests are provided for under section 674 (subd. 3, par. [b]) which in no uncertain terms bars its use in any legal action. We begin to resolve this conflict by returning to the reason for the alcohol tests, i.e., for statistical purposes. Looking again at section 677 we find that its final subdivision, subdivision 5, passed in 1971 in connection with section 674 (subd. 3, par. [b]), provides that: “ The coroner, coroner’s physician or medical examiner shall promptly report to the commissioner of motor vehicles, on a form specified by the commissioner, the results of all quantitative tests for alcohol performed upon bodies of victims of motor vehicle accidents pursuant to the requirements of subdivision three of section six hundred seventy-four of this chapter ”.
Thus, as part of the same section which allows the Judge to order up autopsy reports, the Legislature has made special *12 provision for the alcohol analysis part of the autopsy report. In reading section 674 (subd 3, par. [b]) together with subdivisions 3 (par. [b]) and 5 of section 677, the natural interpretation follows that the autopsy report generally can be made available in litigation with the exception of the alcohol analysis part of it which is separately barred from litigation and is only to be sent to the commissioner so that statistics might be compiled.
The wisdom of that part of the legislation barring the alcohol analysis for evidentiary purposes may appear to some to be in doubt. One might conjecture that this proscription is based on concern for Fourth Amendment safeguards, a point which we do not reach because of our conclusion that such evidence is otherwise clearly barred by the statutory language.
Some force might be given the argument that coroners wonld always indicate the alcohol content in the autopsy report anyway, regardless of the special direction in section 674 (subd. 3, par. [b]) and that only in cases where autopsies would not be performed, except for the mandate of section 674 (subd. 3, par. [b]), should the alcohol evidence be barred. ' Two things militate against that argument in these cases. First, while this was the kind of death authorizing but not necessarily requiring the coroner to order an autopsy (see County Law, § 673, subd. 1, par. [a]), it is not shown whether the autopsy was ordered solely for the gathering of alcohol statistics or simply because of the violent death. Second, and more important, any argument that section 677 (subd. 3, par. [b]) overrides the bar is dispelled by resorting to the elemental tenet of statutory con-: struction that when a general intention is expressed together with a particular intention incompatible with the géneral intention, the particular intention is to be considered in the nature of an exception (56 N. Y. Jur., Statutes, § 129). For no apparent or announced reason, but, on the other hand, with utmost -clarity, the Legislature has provided generally for the production of autopsy reports, specifically proscribing the production of that part dealing with alcohol analysis.
Having concluded that this evidence is barred by the statute, we need reach no other question.
The order appealed from should be affirmed.