HOPKINS, Acting P. J., MARTUSCELLO and DAMIANI, JJ., concur.

Appeal from a judgment of the Supreme Court, Queens County, entered July 2, 1976, dismissed as academic, without costs or disbursements. The judgment was superseded by the order made on reargument.

Order of the same court, entered August 25, 1976, reversed insofar as reviewed, on the law, without costs or disbursements, determination confirmed and petition dismissed on the merits.

In the Matter of the Claim of JOSEPHINE ROURKE, Appellant, v CARL'S DRUG CO., INC., et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, March 3, 1977

*O'Shea, Griffin, McDonald, Hurd & Stevens (Gerald T. Mc-Donald* of counsel), for appellant.

*Peter M. Pryor (Joseph F. Manes* of counsel), for Carl's Drug Co., Inc., and another, respondents.

*Louis J. Lefkowitz, Attorney-General (Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

SWEENEY, J. This is an appeal from a decision of the Workmen's Compensation Board, filed August 5, 1975 and from an amended decision filed April 16, 1976 disallowing claimant's claim.

On July 15, 1971 at about 10:30 P.M., while operating a station wagon owned by his employer in a westerly direction in the eastbound passing lane of the Thruway near mile post 221.5, decedent struck another vehicle and sustained fatal injuries. The record reveals that decedent spent all of the afternoon and the early evening at a clambake and consumed a quantity of beer. The board disallowed the claim for death benefits, finding that decedent's accident was due solely to intoxication. This appeal ensued and the basic issue for our determination is whether there is substantial evidence in the record to sustain the board's decision.

Before we consider this broad issue, however, we must first pass upon appellant's contention that it was improper for the board to receive in evidence a copy of a New York State Police laboratory report dated July 30, 1971, which set forth information that the blood of deceased contained an ethyl alcohol concentration of 0.18% and that said blood sample had been obtained by the coroner of Herkimer County.

Appellant's argument for inadmissibility is based squarely on the precise language of paragraph (b) of subdivision 3 of section 674 of the County Law. The statute, in substance, mandates the coroner make quantitative tests for alcohol on the bodies of certain individuals who die as a result of a motor vehicle accident. The last sentence of said section, however, provides that "such results shall be used only for the purpose of compiling statistical data and shall not be admitted into evidence or otherwise disclosed in any legal action or other proceeding." On this issue the record reveals that the coroner took a blood sample from decedent and gave it to the State

Police and they caused it to be analyzed at the State Police laboratory in Albany. The coroner further testified that he took the blood sample in compliance with section 674 of the County Law and solely for the purpose of compiling statistical data.

Whether such a report may properly be received in evidence was considered by the Court of Appeals in *Cook v Town of Nassau* (33 NY2d 7, 11), wherein that court sustained the trial court's exclusion of such evidence and stated "It is plain that the proscription for use of the blood test in a negligence action could hardly be made more explicit." The respondent, however, urges that pursuant to section 118 of the Workmen's Compensation Law, the board is not bound by common-law or statutory rules of evidence or by technical or formal rules of procedure and, therefore, the report was properly admitted. We disagree. Our concern here is not with common-law or statutory rules of evidence. We are concerned with a clear statutory prohibition which, in plain language, states that the result of the blood test shall not be admitted into evidence or otherwise disclosed in any legal action or other proceeding. Such language, in our view, applies to a matter before the Workmen's Compensation Board. We also reject respondent's contention that the report is admissible pursuant to CPLR 4518 (subd [c]).

Absent this weighty evidence, the issue of whether this record contains sufficient proof to support a finding that the accident resulted solely from the intoxication of decedent is for the Workmen's Compensation Board to determine and, therefore, the matter must be remitted to the board.

The decision should be reversed, and the matter remitted for further proceedings not inconsistent herewith, with costs to appellant against the respondent employer and insurance carrier.

GREENBLOTT, J. P., MAIN, LARKIN and HERLIHY, JJ., concur.

Decision reversed, and matter remitted for further proceedings not inconsistent herewith, with costs to appellant against the respondent employer and insurance carrier.