OPINION OF THE COURT
James F. Niehoff, J.
This is an action to recover for the alleged personal injuries and wrongful death of Joseph P. Short which occurred on February 27, 1976.
Before the court is a motion by the plaintiff to obtain a ruling prior to trial concerning the admissibility of the toxicological part of the autopsy report relating to the decedent Joseph P. Short. The autopsy report indicates the presence of 0.12% alcohol.
Ordinarily, this court would be disinclined to determine a motion such as this one which deals with admissibility of evidence on the trial of the case and instead of deciding the motion would refer it to the Trial Judge to whom the case will be assigned in the course of time. However, the parties seek a ruling in advance of trial so that they may frame their questions to the prospective jurors based upon the ruling of this court as to the admissibility of this item of evidence which it is cleár may be of considerable signifi *339 canee in the outcome of the case. Under such circumstances, the court will render the ruling sought on this motion.
Section 674 (subd 3, par [b]) of the County Law provided that blood and urine tests shall be ordered by the coroner to determine alcoholic content where the decedent was operating a motor vehicle or where the decedent was a pedestrian 18 years of age or older who died as a result of a motor vehicle accident. Prior to the year 1971, the “alcoholic] analysis contained in an autopsy report was obtainable and admissible pursuant to case law (see Hayes v. City of New York, 23 AD 2d 832; Iovino v. Green Bus Lines, 277 App. Div. 1002).” (Cook v Town of Nassau, 33 NY2d 7, 10.) However, in 1971 the Legislature amended section 674 (subd 3, par [b]) of the County Law to provide that “Such results shall be used only for the purpose of compiling statistical data and shall not be admitted into evidence or otherwise disclosed in any legal action or other proceeding.” (L 1971, ch 740, § 1.)
The subdivision remained unchanged until 1978 when the Legislature omitted the above-quoted language, thereby eliminating the proscription against the use of the toxicological part of the autopsy report in a negligence action. (L 1978, ch 421, § 1, eff June 19, 1978.)
The date of the toxicology report made concerning Joseph P. Short is February 27, 1976.
It is the contention of the plaintiff that “since the testing was done pursuant to the authority and restrictions in effect on February 27, 1976, the results cannot be used in the present action, even though it now appears that tests conducted after June 29,1978 can be used in legal proceedings.” In addition, the plaintiff contends that introduction of the report would “constitute an unconstitutional denial of the protection of law which is guaranteed to the Estate of the decedent, his surviving spouse and dependent child” arguing that “[b]ut for the passage of time, the evidence intended to be offered at his trial would have been excluded and any other case that occurred prior to the amendment of the law will have been afforded the protection of said law, while the plaintiff will have lost the same protection.”
*340 The defendants, on their part, contend that the report is admissible. They argue that inasmuch as the rule at issue is an evidentiary rule, the law to be applied is the law in effect at the time of the trial. In addition, the defendants contend that since there is no vested right in an evidentiary rule such as the one at bar, there is no constitutional infirmity in applying it to pending actions.
Thus, the question before the court is whether the proscription on the use of toxicology reports in effect at the time the examinations were conducted carries over to cases pending after the effective date of the 1978 amendment when the proscription was lifted.
For reasons set forth below the court holds that the toxicology report of Joseph P. Short is admissible at the trial of this matter.
In Cook v Town of Nassau (33 NY2d 7, 9, supra) the Court of Appeals was asked to determine whether evidence of the alcoholic content of the blood of the deceased operator of a motorcycle, obtained during an autopsy shortly after death, was admissible in negligence actions against the town. In that action, the decedent William P. Cook was killed on June 1, 1969 some two and a half years prior to the effective date of the 1971 amendment to section 674 (subd 3, par [b]) of the County Law. Nevertheless, the Court of Appeals determined that the lower courts were correct in barring the admissibility of the alcohol analysis findings in the autopsy report on the basis that “[i]t is plain that the proscription for use of the blood test in a negligence action could hardly be made more explicit.” (Cook v Town of Nassau, 33 NY2d 7, 11, supra.)
Thus, the Court of Appeals applied section 674 (subd 3, par [b]) of the County Law not as it read on the date of the decedent’s death but as it read at the time of trial. In a word, the court held that the 1971 enactment was to be applied to pending cases.
It is fundamental that changes in the law which are of a procedural nature are generally deemed applicable to subsequent proceedings in pending actions. (See McKinney’s Cons Laws of NY, Book 1, Statutes, § 55.) Hence, statutes “changing the rules of evidence * * * have not been con *341 fined in their operation to actions commenced after their enactment.” (McKinney’s Cons Laws of NY, Book 1, Statutes, § 55, pp 120-121.) Stated somewhat differently, it is settled that “there is no vested right in a rule of evidence * * * and a statute which is retroactive as to procedural matters is not unconstitutional” (9 NY Jur, Constitutional Law, § 248). 4
Manifestly, the rule regulating the admissibility of a toxicological report which is found in section 674 (subd 3, par [b]) of the County Law is a rule of evidence only. That being so, this court is satisfied that the statute should be applied to this case as it now reads and not as it read in 1976. Certainly, there are forceful reasons why such evidence should be made available at a trial. (See Hayes v City of New York, 23 AD2d 832.)
Having concluded that section 674 (subd 3, par [b]) of the County Law is an evidentiary rule, the court need not concern itself with the constitutional arguments asserted by the plaintiff. As already noted “while the legislature cannot take from parties vested rights without compensation, the remedies by which [such] rights are to be enforced or defended are within the absolute control of the legislature, and a statute which is retroactive as to procedural matters is not unconstitutional.” (9 NY Jur, Constitutional Law, § 248.)
Accordingly, it is the decision of this court that the motion of the plaintiff to prohibit the use of the toxicology report , in the autopsy of the decedent Joseph P. Short is denied.