■ In the Matter of the Claim of GLORIA ANDERSON, Respondent, v WILLIAM YOUNGBLOOD ASSOCIATES et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed November 25, 1981, which held that the death of decedent, John Anderson, was the result of an accidental injury which arose out of and in the course of his employment. The board found: "based on a review of the entire record, particularly the testimony of the employer William Youngblood, that the claimant was attending a town meeting on the evening of 3/1/78 on behalf of his employer; that decedent was reimbursed for portal to portal travel expenses; and that when the employee is directed to perform a specific errand for his employer, he is in the course of his employment until that errand is completed. The Board Panel finds that decedent after attending a meeting on behalf of his employer, and his stopping at a restaurant after the meeting and discussing the meeting does not constitute a deviation of his employment. The Board Panel finds that the fatal injuries arose out of and in the course of employment. (See Church v. Worthington, 12 AD2d 571.)" There is substantial evidence to sustain the determination of the board (*Matter of McGee v Allstate Ins. Co.*, 41 AD2d 866; *Matter of Heikes v Today's Displays*, 40 AD2d 747). The workers' compensation law judge committed no reversible error in excluding from evidence the results of a blood alcohol test purportedly taken from decedent contained in an autopsy report (County Law, § 674; *Matter of Rourke v Carl's Drug Co.*, 56 AD2d 202, 204). Decision affirmed, with one bill of costs to respondents. Mahoney, P. J., Kane, Main, Mikoll and Yesawich, Jr., JJ., concur.