### FREDERICK C. BAUER'S CASE.

Suffolk.    April 8, 1943. — May 24, 1943.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & RONAN, JJ.

*Workmen's Compensation Act*, Injuries to which act applies. *Evidence*, Matters of common knowledge.

A finding was warranted that a medical student, employed at a boys' camp, received an injury arising out of and in the course of his employment and was entitled to compensation under the workmen's compensation act, where it appeared that he was injured when lightning struck the camp hospital, which was his quarters where his clothes were kept and which was located in an exposed place at the top of a hill, as he stood in the hospital near an electric light and wiring and an iron bed after coming in to change his clothes which had become wet while he was performing his duties in a rain storm.

It is a matter of common knowledge that a person in wet clothes, standing close to an iron bed and near an electric light and electric wiring in a building on the top of an exposed hill, is in a position of unusual danger from lightning.

CERTIFICATION to the Superior Court of a decision of the Industrial Accident Board awarding compensation.

A decree was entered by order of *Fosdick*, J., dismissing the claim.

*S. B. Horovitz*, for the claimant.

*E. Z. Dymsza*, for the insurer.

LUMMUS, J.    The only question in this case is whether it could be found that the employee received an injury arising out of his employment, within G. L. (Ter. Ed.) c. 152, § 26.    He was a medical student, and was employed at the office of Sachem Council, Inc., Boy Scouts of America, in Arlington, Massachusetts, to work at its summer camp for boys in Antrim, New Hampshire.    The Massa-

chusetts workmen's compensation act therefore applied. *McLaughlin's Case*, 274 Mass. 217. *Armburg* v. *Boston & Maine Railroad*, 276 Mass. 418, 424. *Migues's Case*, 281 Mass. 373. *Lynch's Case*, 281 Mass. 454. *Wright's Case*, 291 Mass. 334.

From the evidence the following facts could have been found. The employee did first aid work upon injuries, inspected on foot the camp, which occupied a square mile, and had supervision of the water front which included swimming. There was no physician at the camp. The camp hospital was located on a hill at the highest point in the grounds, and had an open exposure on all sides. Electricity came to the hospital building through a wire attached to a tree just outside the hospital. The supervision of swimming required the employee to wear a bathing suit during the swimming period. On July 4, 1942, during a rain storm, he had been walking from cabin to cabin to see boys who were ill, as was his duty. His clothes had become very wet, and he went to the hospital, where he stayed and where his clothes were kept, to change his clothes. While he still had on his wet clothes, and was standing under an electric light and next to a steel bed, and near to a light plug and fuse box, lightning destroyed the lights and the fuse box and all the electric apparatus in the hospital, damaged the wall, and knocked the employee unconscious to the floor, causing injuries and disability that prevented him from returning to his work. He was totally disabled for two months, and still suffers a partial disability.

The single member found that the employee was subject "to greater danger of being struck by lightning during an electric storm than if he had been in any other part of the camp buildings," and that his "duties took him to this building where he was injured." He found that the injury arose out of and in the course of the employment, and awarded compensation. The reviewing board affirmed and adopted the findings and decision of the single member. But the Superior Court adjudged that the employee did not sustain an injury arising out of and in the course of his employment,

and dismissed the claim. The employee appealed to this court.

In *Brooker* v. *Thomas Borthwick & Sons (Australasia), Ltd.* [1933] A. C. 669, 677, quoted in *Caswell's Case*, 305 Mass. 500, 502, 503, Lord Atkin said, "If a workman is injured by some natural force such as lightning, the heat of the sun, or extreme cold, which in itself has no kind of connection with employment, he cannot recover unless he can sufficiently associate such injury with his employment. This he can do if he can show that the employment exposed him in a special degree to suffering such an injury." This principle was applied in cases of injury by lightning collected in *Caswell's Case*, 305 Mass. 500, 502. To those cases may be added the following: *Andrew* v. *Failsworth Industrial Society, Ltd.* [1904] 2 K. B. 32. *Emmick* v. *Hanrahan Brick & Ice Co.* 206 App. Div. (N. Y.) 580. *Hassell Iron Works Co.* v. *Industrial Commission*, 70 Colo. 386. *Stout* v. *Elkhorn Coal Co.* 289 Ky. 736. *Texas Compensation Ins. Co.* v. *Ellison*, 71 S. W. (2d) 309 (Tex. Civ. App.).

Certain facts as to the operation of lightning have become matters of common knowledge, of which judicial notice may be taken. *Madura* v. *New York*, 238 N. Y. 214. *DeLuca* v. *Park Commissioners of Hartford*, 94 Conn. 7. *Emmick* v. *Hanrahan Brick & Ice Co.* 206 App. Div. (N. Y.) 580. *Texas Compensation Ins. Co.* v. *Ellison*, 71 S. W. (2d) 309 (Tex. Civ. App.). We think that it could have been found, without expert evidence, that a person in wet clothes, standing close to an iron bed and near to an electric light and electric wiring, in a building on the top of an exposed hill, was in a position of unusual danger from lightning.

*Decree reversed.*
*Decree for employee.*