■ In the Matter of the Claim of GUY F. HANCOCK, Respondent, v. INGERSOLL-RAND Co. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from decisions of the Workmen's Compensation Board which found that the accidental injury arose out of and in the course of employment and awarded compensation to the claimant. Claimant had worked for Ingersoll-Rand Company for approximately 19 years and at the time of the accident he was assistant general manager of sales. On Friday, November 25, 1960, claimant was sent to Chicago from his New York office to join other representatives of the employer in contract negotiations with the United States Engineers. Business conferences were conducted until late Friday night and again all Saturday morning. Claimant attended these sessions and it was agreed that claimant and others would remain over the week end for further negotiations on Monday. Claimant saw a customer Saturday afternoon and then joined fellow employees Abbott and Bason who were watching a televised football game. After the game, these three journeyed to the top of the Allerton Hotel for a view of Chicago. Mr. Bason then called a customer whom they all met back at their assigned hotel, the Bismarck. This group left

the Hotel Bismarck and proceeded to the Hotel Morrison. Outside the Hotel Bismarck two ladies joined claimant and Mr. Abbott and accompanied them to the Hotel Morrison. Mr. Bason and his companion stayed only a short time at the Hotel Morrison and then left for dinner. Claimant and Mr. Abbott returned to the Hotel Bismarck with their female friends. They had a few drinks and then decided to dine at the Swiss Chalet, a restaurant located between the second and third-floor levels in the hotel. Mr. Abbott momentarily excused himself while claimant and the women rode the elevator to the third floor. Upon leaving the elevator claimant somehow fell over or from the balcony railing causing him to sustain injuries so severe that he was unable to testify in this matter. There is testimony by two employees of the Hotel Bismarck of boisterous behavior before the fall. There is also evidence of sustained imbibing of alcoholic beverages from the period at the Hotel Morrison around 9:00 P.M., until the time of the accident after midnight. Claimant's coemployees testified that claimant's behavior was not unusual in light of accepted business practices of the employer and there is testimony tending to establish the normal procedure of splitting and reforming groups in furtherance of meetings with customers. The "customers" mentioned in the record who were seen after the Saturday morning meeting are never identified. The Referee rejected the claim and closed the case. The board, however, reversed and found that claimant was in Chicago on business and was confined there in the furtherance of his employer's business, that claimant's activities were reasonable and that claimant was not intoxicated. We believe the board was in error in its findings and that the award should be reversed. An injury to be compensable must arise out of as well as in the course of employment. (*Matter of Wilson* v. *General Motors Corp.*, 298 N. Y. 468, 472; *Matter of Clark* v. *Voorhees*, 231 N. Y. 14, 17.) A slight and momentary deviation from the claimant's work routine may be acceptable if for an accustomed and accepted purpose, but purely personal activity is not within the statute even though it incidentally benefits the employer. (*Matter of Davis* v. *Newsweek Mag.*, 305 N. Y. 20, 24, and citations therein.) Each case must be judged upon its own facts. (*Matter of Masse* v. *Robinson Co.*, 301 N. Y. 34, 37.) The test to be applied is whether the activity is *reasonable* activity at that place and, if so, only then may the risks inherent in such activity be an incident of employment. (*Matter of Davis* v. *Newsweek, supra.*) We do not believe that on the basis of the entire record the board was justified in finding claimant's activities on Saturday evening were reasonable in the sense of arising out of and in the course of his employment. The risks involved here stemmed from the purely personal pursuits of the claimant and he was in the midst of a total deviation from his employment. The frequenting of cocktail lounges with unknown female companions cannot be considered part of employment under the guise that this is accepted business activity and there was the prospect of hearing from "customers". Decisions reversed and claim dismissed, with costs to appellants against the Workmen's Compensation Board. Herlihy, J. P., Reynolds, Taylor, Aulisi and Hamm, JJ., concur.