(No. 42488.—

Roy Bartley *et al.,* Appellants, *vs.* The Industrial Commission *et al.*—(Ruby E. Lawrence, Appellee.)

*Opinion filed May 20, 1970.*

Ryan and Heller, and Sims and Grabb, both of Mattoon, (Willis P. Ryan and Nolan K. Sims, of counsel,) for appellants.

Loren J. Kabbes and Richard F. Record, Jr., both of Craig and Craig, of Mattoon, for appellee.

Mr. Justice Kluczynski delivered the opinion of the court:

In October 1967, petitioner, Ruby Lawrence, an employee of Brookwood Cafe, filed an application of adjustment of claim with the Industrial Commission to recover for injuries allegedly sustained as a result of an accident arising out of and in the course of her employment. The Industrial Commission and the circuit court of Douglas County confirmed a decision of the arbitrator awarding petitioner compensation for a 30% loss of use of her right leg. This direct appeal followed. The only issue before this court is whether the decision of the Industrial Commission is against the manifest weight of the evidence.

After finishing work at about 2:00 P.M. on May 25, 1967, Mrs. Lawrence was leaving the Brookwood Cafe through the back door, her usual means of exit. A concrete sidewalk on the employer's premises, eleven inches higher than ground level, surrounded the building. Petitioner testified that as she stepped to the ground she felt a pain in her back and reached to the area affected by the pain. She then got into her daughter's car which was parked nearby. Karen Perkins, petitioner's daughter, testified that she saw her mother step off the concrete apron and noticed that as she stepped down she "caught her back". Petitioner's back continued to hurt and began to get worse after her arrival home.

The following day Mrs. Lawrence saw Dr. Grant Jones and was eventually referred to Dr. Fred Sukkar. By evidence deposition Dr. Sukkar testified at the arbitrator's hearing that he began to treat petitioner on June 6, 1967. On that date she indicated that she had fallen off the curbing at her place of work or twisted her back when stepping from the curbing. At this time he was able to examine Mrs. Lawrence only in a lying position because of sharp pain in her lower back. On August 18 he again examined her and diagnosed a rupture of the fourth lumbar intervertebral disc. Dr. Sukkar performed a complete laminectomy and excised the fourth lumbar disc on August 24, 1967. He followed her

post-operative course through Dr. Jones and saw her in his office on three occasions. On March 25, 1968, Dr. Sukkar released Mrs. Lawrence, stating that in his opinion she would continue to have aching pain in the right lower extremity and that there would be permanent disability. No evidence was offered by the respondent at the hearing before the arbitrator, and no additional evidence was taken by the Commission on review.

The appellant argues that the employee failed to show by a preponderance of the evidence that any accident arose out of her employment. "Whether a particular injury received by an employee while going to or returning from work arose out of and in the course of his employment is a question of fact depending on the circumstances of the case." (*Northwestern Steel & Wire Co.* v. *Industrial Com.,* 38 Ill.2d 441, 445-446.) In *Chmelik* v. *Vana,* 31 Ill.2d 272, this court held that an injury arose out of employment where the employee was hit by an automobile in a parking lot provided by the employer. The court found that "if an employee is exposed to a risk common to the general public to a greater degree than other persons by reason of his employment, the accidental injury is said to arise out of his employment." (31 Ill.2d at 278.) Petitioner was leaving work by her usual route at the time the injury occurred. According to petitioner, the accident occurred while on the premises of the employer as she stepped from a concrete walk eleven inches above the ground level. Considering the height of the ledge and the fact that this was her usual means of exit, it was not unreasonable for the Commission to conclude that the ledge presented a situation involving more risk than that to which the general public is exposed.

Appellant next argues that there is no basis for holding that the accident was a proximate cause of the ruptured disc. Dr. Sukkar did not testify as to causation, and the respondent did not offer any evidence on this issue. The only evi-

dence was the testimony of the petitioner as to sequence of events from the time of the accident to the ultimate injury. Petitioner testified that she suffered almost continuous pain in the area where she first sustained pain at the time of the accident. She did not work during any of that period of time except for the day immediately following the injury. From the nature of the injury and the sequence of events as related by petitioner, it is apparent that there was a causal relationship between the accident of May 25, 1967, and the condition for which compensation is sought.

Appellant finally argues that the award for permanent partial disability of employee's right leg is contrary to the manifest weight of the evidence. The only evidence on this issue was the testimony of petitioner's physician. Dr. Sukkar, an orthopedic surgeon, operated on the petitioner and personally treated her during the post-operative convalescence. The testimony of the doctor was not speculative and was properly considered by the Commission. The primary responsibility for judging the credibility of witnesses lies with the Industrial Commission, and its decision will not be set aside unless it is contrary to the manifest weight of the evidence or without substantial foundation in fact. *Northwestern Steel & Wire Co.* v. *Industrial Com.*, 38 Ill.2d 441.

Under the circumstances of this case we cannot say that the Commission's finding that petitioner's injury arose out of and in the course of her employment was contrary to the manifest weight of the evidence. Therefore the judgment of the circuit court of Douglas County is affirmed.

*Judgment affirmed.*