■ In the Matter of the Claim of ROSANNE B. McGEE, Respondent, v. ALLSTATE INSURANCE COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board, filed February 18, 1972, which awarded death benefits to claimant. At approximately 2:55 A.M. on the morning of September 30; 1970 claimant's husband was found dead in his automobile which had collided with a tree off Route 49 between the Cities of Rome and Utica. During the preceding evening, the decedent, as District Sales Manager for Allstate Insurance Company, had conducted a sales meeting in Utica with his sales agents. After the sales meeting, the decedent and some of the agents went to a couple of bars and continued their business discussion and drank highballs. Although the decedent's home was in Utica, the fatal accident occurred when he was enroute from Rome, where he had stopped at the Big Apple Bar, to his home in Utica. The board found that the decedent was an outside worker, which appellant concedes, and, further, that he was in the course of his employment at the time of his death. The accident was unwitnessed and occurred at night on a wet unlighted two-way highway. Where an employee's social activities are in connection with and incidental to his employer's business, such activities become part of his employment. (*Matter of Dunn* v. *Supervised Investors Servs.*, 34 A D 2d 1067, mot. for lv. to app. den. 27 N Y 2d 485; *Matter of Sedlack* v. *J. & A. Custom Heating & Air Conditioning*, 32 A D 2d 1020, affd. 27 N Y 2d 784.) The board properly found that the decedent had not deviated from his employment as to constitute an abandonment. (*Matter of Heikes* v. *Today's Displays*, 40 A D 2d 747.) Decision affirmed, with costs to the Workmen's Compensation Board. Staley, Jr., J. P., Greenblott, Cooke, Sweeney and Main, JJ., concur.

■ FRANK P. JONES, Appellant, v. TOWN OF JOHNSTOWN, Respondent, and FRANCIS McNUTT, Defendant.— Appeal (1) from an order of the Supreme Court at Special Term, entered July 5, 1972 in Fulton County, which granted a motion by defendant Town of Johnstown for summary judgment dismissing the complaint as against it, and (2) from the judgment entered thereon. There are two issues raised on this appeal. First, whether plaintiff states a valid cause of action against the defendant town for false imprisonment as a result of the act of a Town Justice; and, second, whether plaintiff has complied with section 50-e of the General Municipal Law when notice of his claim is filed some six months after his release on bail, although within 90 days of the dismissal of the criminal charges. The trial court answered both issues in the negative and we agree. It has been held consistently by our courts that a municipality is not responsible for the tortious acts of its judicial officers in the performance of their duties. (*Jameison* v. *State of New York*, 7 A D 2d 944; *Koeppe* v. *City of Hudson*, 276 App. Div. 443.) This is so even though a Justice of the Peace acts in other capacities. (See *Town of Putnam Valley* v. *Slutzky*, 283 N. Y. 334.) As to the other issue, it is equally well established that a claim for false imprisonment and arrest arises at the time plaintiff's imprisonment terminates and he is released on bail. (*Huff* v. *State of New York*, 27 A D 2d 892; *Bomboy* v. *State of New York*, 26 A D 2d 974.) Order and judgment affirmed, with costs. Staley, Jr., J. P., Greenblott, Cooke, Sweeney and Main, JJ., concur.