■   In the Matter of the Claim of ETHEL SHELDON, Appellant, v. BROUGHTON CORPORATION et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the claimant from a decision of the Workmen's Compensation Board, filed May 23, 1972, which denied death benefits to the claimant. Upon this appeal it is not disputed that the deceased employee, while in the course of his employment as an outside salesman, died on March 11, 1970 while eating his meal at a restaurant. An autopsy established that death resulted from a piece of meat located at the base of the tongue and partially in the larynx which completely blocked the air passage shutting off air to the lungs. The board found: "based on the probative medical evidence that the decedent's death was the result of a personal act, that of swallowing a massive portion of meat which blocked the airway to the lungs and did not arise out of and in the course of his employment." Although as a general rule, accidents and/or injuries suffered as a result of engaging in normal activities while an employee is away from home upon business are covered by workmen's compensation, those injuries resulting from purely personal acts and not causally connected with the environment in which the activities cast the employee are not compensable. (See *Matter of Kaplan* v. *Zodiac Watch Co.*, 20 N Y 2d 537; *Matter of Walsh* v. *Sucrest Corp.*, 37 A D 2d 321, 323, affd. 31 N Y 2d 751; cf. *Matter of Davis* v. *Prudential Ins. Co.*, 35 A D 2d 1050.) The record does not establish that the meat itself was defective and the board's determination that the act of eating was purely personal is supported by substantial evidence. (Cf. *Matter of Baron* v. *Norton & Co.*, 264 App. Div. 802.) Decision affirmed, without costs. Herlihy, P. J., Staley, Jr., Greenblott, Cooke and Reynolds, JJ., concur.