◼ In the Matter of the Claim of NANCY M. COLE, Respondent, v UNION CARBIDE CORP. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed April 25, 1974, which affirmed an award of death benefits to claimant, decedent's widow, and decedent's three minor children. On July 28, 1971 the decedent, a lawyer, while in Boston representing his employer, was having a business dinner with two fellow employees who were working on the same case when the board found he was asphyxiated as he attempted to control an attack of vomiting. There is medical testimony supporting this finding, and while there is some evidence that the decedent had consumed a substantial quantity of alcohol prior to and during dinner, the board was not required to conclude that the decedent's activities were so unreasonable as to render the accident solely due to personal acts (e.g. *Matter of McGee v Allstate Ins. Co.,* 41 AD2d 866; cf. *Matter of Kaplan v Zodiac Watch Co.,* 20 NY2d 537, 540; *Matter of Hancock v Ingersoll-Rand Co.,* 21 AD2d 703). A business dinner meeting was in progress, and the board could conclude that decedent attempted to desist from vomiting in the presence of his colleagues and in a public place and that this resulted in his asphyxiation. The board's determination that decedent "was not engaged in a purely personal act

when the incident occurred" is thus supported by substantial evidence. Although *Matter of Sheldon v Broughton Corp.* (42 AD2d 650) in which we affirmed a board's denial of benefits is somewhat analogous, it is not dispositive here nor is it even truly factually apposite. Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Greenblott, Koreman, Main and Reynolds, JJ., concur.