In the Matter of the Claim of MARY APPLEBERRY, Appellant, v HOWARD J. MOSKOWITZ et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, dated and filed May 22, 1974, which reversed a referee's

determination in favor of the claimant and determined that the decedent's death did not arise out of and in the course of her employment. Upon the opening of the office in the morning, the decedent, a member of the dentist's staff, was found seated in a dentist's chair with a mask used for administering nitrous oxide fastened over her nose. It is undisputed that her death was due to inhalation of nitrous oxide. The employer had previously discussed with his staff the effects of nitrous oxide and forbade its use. None of the employees, including the decedent, were authorized or qualified to administer nitrous oxide. The board, in reversing the referee, determined that the death did not arise out of and in the course of employment because it resulted from an act forbidden by the employer. It is from that determination that this appeal ensues. Appellant urges that in the circumstances of this unwitnessed death, claimant is entitled to the benefit of the presumption that when an employee is accidentally killed in the course of employment, in the absence of substantial evidence to the contrary, the death arose out of the employment *(Matter of Valenti v Valenti,* 28 AD2d 572; Workmen's Compensation Law, § 21). In rebuttal to such presumption, the undisputed testimony is that only the employer and his dentist partner were qualified to use and administer nitrous oxide and that the employer had specifically prohibited its use. He further ordered all employees to leave the premises together. On the day in question, the decedent, when asked to leave with the others, declined and stayed behind. The inhalation of the nitrous oxide by the decedent was not a natural incident of the work she did, nor was it a risk flowing from her employment. The inescapable conclusion to be drawn from this record is that the inhalation of nitrous oxide by decedent was deliberate and willful. There is substantial evidence in the record to support the board's determination that her death did not arise out of and in the course of her employment *(Matter of Hancock v Ingersoll-Rand Co.,* 21 AD2d 703; Workmen's Compensation Law, § 10). Decision affirmed, with costs to respondents filing briefs. Sweeney, J. P., Kane, Main, Larkin and Reynolds, JJ., concur.