Larry D. HARRIS, Petitioner,

v.

OSBORNE ELECTRIC CO., Commercial Union Assurance, and Workers' Compensation Court, Respondents.

Court of Appeals of Oklahoma, Division No. 2.

Aug. 24, 1982.

Rehearing Denied Oct. 12, 1982.

Certiorari Denied Nov. 29, 1982.

Released for Publication by Order of the Court of Appeals Dec. 2, 1982.

Gary G. Prochaska, Foshee & Yaffe, Oklahoma City, for petitioner.

Paul V. McGivern, Jr., Michael W. McGivern, McGivern, Scott, Steichen & Gilliard, Tulsa, for respondents.

BOYDSTON, Presiding Judge.

This is an original proceeding to review an order of Workers' Compensation Court en banc denying the claim of Worker Larry D. Harris. Trial court and court en banc denied the claim because of alleged statute of limitations expiration.

Worker suffered a back injury at work on October 12, 1978, reported it to Employer Osborne Electric Company, and filled out a Form 2 "Employer's First Notice of Injury" furnished by Employer that same day. He received immediate medical attention and did not return to work until January 1979.

In December 1978 Employer sent the Form 2 to Worker's home to be signed. Worker does not remember signing or understanding the Form 2, but does acknowledge his signature appearing on the form. Worker testified he had never filed a compensation claim before and when he completed the Form 2 he thought he had done all that was necessary to collect the benefits. No one in management for or employed by Employer ever informed Worker of his right to pursue a workers' compensation claim or the procedures involved.

Worker also testified Employer posted a notice of this statutory right under 85 O.S. 1981 § 8 (effective 7–1–78) on or about April 1, 1980. Employer's testimony places the posting in July 1979. Worker claims he had no knowledge of his right to pursue a claim until the notice was posted. Worker filed a Form 3 on May 16, 1980, after seeing the notice posted on or about April 1. Employer relied on the defense of statute of limitations.

Trial court held a hearing to determine jurisdiction on September 23, 1980, and found the claim barred by the one year statute of limitations, finding the claim was not filed within one year of the last medical treatment or the last payment of compensation. 85 O.S.1981 § 43. Trial court also found Worker had been adequately advised of his right to file the claim because he had signed the Form 2. The latter finding mooted the issue of when the notice was posted.

On December 23, 1980, court en banc vacated the order of trial court and remanded the case for further hearing, ordering both sides to present evidence as to: (1) the issue of timely posting; (2) whether Employer had properly advised Worker of his rights under the Act; and (3) who filed the Form 2 with the court.

On March 24, 1981, trial court once again held Worker's claim barred by the statute of limitations. It held that by signing the Form 2, Worker was effectively informed of his rights. The court also found as fact that notice had been posted no later than July 1979.

On May 4, 1981, court en banc affirmed trial court's decision, and this appeal resulted.

I

■ Whether a claim is barred by the statute of limitations is a question of law and is therefore reviewable by this court. *Smedley v. State Indus. Court,* Okl., 562 P.2d 847 (1977).

■ Employers must post notice of rights and obligations of employees under § 8.

Neglect of this duty tolls the statute until the claim is filed or proper notice is given. The statute reads, in part:

"Every employer subject to the provisions of the Workers' Compensation Act shall post and maintain in one or more conspicuous places a notice to its employees covering the rights and obligations of employees under the Workers' Compensation Act. . . .

. . . .

"In the event an employer having notice of an injury neglects to advise the injured employee of the right to file a claim under the Workers' Compensation Act, the statute of limitations shall be tolled until such claim is filed."

. This section, then, amounts to an exception to the general statute of limitations for Workers' Compensation Act claims under § 43.

Based on these findings and statutory mandates, we define the pivotal issue as: is an employer's § 8 statutory duty discharged by furnishing an employee a Form 2 "Employer's First Notice of Injury"? We hold it is not and reverse the trial court's order.

## II

Trial court found that Worker's completing the Form 2 indicated his acknowledgment of his right to file a claim. We disagree.

 The Form 2 is designed to be used by *employers* to notify the *court* of their knowledge of an injury, but does not adequately suffice to inform a *worker* of *his* rights. If the form had the same or similar language as the notice, it might suffice, if a worker is told he should read it, but it does not. The Act requires notice that *explicitly* informs a worker that he has rights, should act immediately, and should fill out a Form 3 that would *explicitly* inform him how to proceed to secure those rights. We find Employer neglected to furnish § 8 notice; therefore, the statute was tolled until notice was given or the claim was filed. At the earliest, notice was posted in July 1979.

Worker, however, filed his claim May 16, 1980, two months within the one year limitation following the posting.

## III

Even if we agreed with trial court's finding that the Form 2 is legally sufficient § 8 notice, the claim is still not barred.

 When an employer files the Form 2 notice, he informs the court of the injury and that he (the employer) is complying with the provisions of the Act by furnishing medical treatment or by paying compensation to an injured employee. This is sufficient to vest the court with jurisdiction of the cause without the necessity of filing the Form 3 within a year. *Oklahoma Nat. Gas Corp. v. Craig,* 193 Okl. 56, 139 P.2d 181 (1942); *Robinson v. State Indus. Comm'n,* 176 Okl. 619, 56 P.2d 826 (1936).

We find trial court's and court en banc's orders to be contrary to both statutory and case law. We reverse with directions that trial court assume jurisdiction of Worker's claim.

BACON and BRIGHTMIRE, JJ., concur.