In the Matter of the DEATH Of Russell Elmer LEWIS, Jr.

Ellen Ruby LEWIS and the Workers' Compensation Court, Respondents,

v.

WESTERN ELECTRIC COMPANY, INCORPORATED, Petitioner.

No. 59147.

Supreme Court of Oklahoma.

Oct. 11, 1983.

Rehearing Denied Nov. 22, 1983.

Crowe & Dunlevy, Arlen Fielden, Oklahoma City, for petitioner, Western Elec. Co.

Abel, Musser, Sokolosky & Clark, Sidney A. Musser, Jr., Larry D. Bishop, Oklahoma City, for respondent.

DOOLIN, Justice:

While on temporary assignment for work in Tulsa, Oklahoma, from employee's regular place of employment, St. Louis, Missouri, employee was murdered. The murderous act occurred after regular working hours at approximately 8:00 p.m. while apparently employee was going or returning to a restaurant for an evening meal.

Workers Compensation trial court, and the court sitting en banc, awarded death benefits to his estate, ruling he had suffered accidental personal injury arising out of and in the course of his employment. The Court of Appeals, Division 1, reversed, holding the worker's death did not occur in the course of his employment. We previously granted certiorari.

We reverse and reinstate the finding of the trial court, holding the decision in *Baash-Ross Tool Co. v. State Industrial Commission,* 289 P.2d 659 (Okl.1955), to be dispositive of the issue. In *Baash-Ross,* the worker was sent out-of-town on temporary assignment. The worker, on his way to a

restaurant after working hours, was fatally injured in an automobile accident. This Court found the worker died in the course of his employment and allowed compensation. The only distinction was that the *Baash-Ross* worker was on emergency call, but the basic facts and principles remain unaffected.

In *Bayless v. Sparkman Livestock Sales,* 350 P.2d 233 (Okl.1960), this Court quoted with approval the following general principle:

> "As a general rule a commercial traveler is regarded as acting within the course of his employment during the entire period of his travel upon his employer's business. His acts in *traveling, procuring food* and shelter and all incidents of the employment, and where injuries are sustained during the course of such activities, the Workmen's Compensation Act applies." (Emphasis added).

█ Pursuant to *Graves v. Safeway Stores Co., Inc.,* 653 P.2d 1236, 1238 (Okl. 1982), the determinative test for appeal of workers' compensation cases is "competent evidence." We hold the decision of court en banc is supported by competent evidence to find the worker was in the course of his employment when he was murdered.

COURT OF APPEALS REVERSED AND OPINION VACATED; WORKERS' COMPENSATION COURT, EN BANC, AFFIRMED.

BARNES, C.J., and IRWIN, HODGES, LAVENDER, HARGRAVE, OPALA and WILSON, JJ., concur.

SIMMS, V.C.J., dissents.