Marvin FOX, Appellant/Petitioner

v.

NATIONAL CARRIER,
Appellee/Respondent

and

Hartford Insurance Company,
Appellee/Insurance Carrier.

No. 61358.

Supreme Court of Oklahoma.

Nov. 12, 1985.

As Corrected Dec. 3, 1985.

Rehearing Denied Dec. 17, 1985.

Frank A. Greer, Greer and Greer, Tulsa, for appellant/petitioner.

Paul V. McGivern, Jr., Michael W. McGivern, McGivern, Scott, Gilliard & McGivern, Tulsa, for appellees/respondents.

DOOLIN, Vice Chief Justice.

The claimant, Marvin Fox, was hired by James Anderson (an independent contractor) as a relief truck driver to assist him in

driving a truck. Anderson leased the truck to National Carrier (National) a transportation company, to haul National's trailers to various locations across the United States. Anderson and the claimant hauled a trailer to Liberal, Kansas, where they dropped it off. They stayed overnight in Liberal because they were to pick up another trailer the following day. The next morning claimant choked on a piece of sausage and started gagging. He then began vomiting so violently he ruptured a cervical disk. He later underwent surgery for these injuries.

Claimant sought compensation benefits from National for the injury sustained to his neck. National and its insurance carrier, Hartford Insurance Company (Hartford), denied an employer-employee relationship existed between National and the claimant. The trial judge found (1) the claimant was not an employee of National; (2) the claim was barred by the statute of limitations; and (3) the accident did not arise out of and in the course of employment. The Court of Appeals affirmed the trial judge's order on the sole ground that claimant was not an employee of National.

We hold that the Court of Appeals and the trial judge's opinions were in error for the following reasons.

■ Title 85 O.S. 1981, § 11(2) provides that the principal employer is liable for benefits to the employee of an independent contractor or sub-contractor, if such sub-contractor has not provided Workers' Compensation insurance. Under this provision it is irrelevant whether or not claimant was in fact an employee of National. The relevant inquiry, in this case, is whether or not the independent contractor provided the requisite Workers' Compensation coverage.[1] The record reveals that Anderson did not provide Workers' Compensation coverage.

■ The record reflects that National provided the Workers' Compensation coverage because Anderson did not. The record also shows that National paid the premiums and deducted the amount of the premiums from the remuneration National paid Anderson. The fact that National charged Anderson for the amount of the premiums does not allow National to escape liability. To allow National and Hartford (who accepted premiums) to escape liability in this case would violate both the spirit and the letter of § 11(2) of the Workers' Compensation Act.

■ An earlier order of the Workers' Compensation Court sitting en banc declared Hartford estopped from denying coverage to the claimant. It determined that the claimant though an immediate employee of Anderson, was covered by Hartford because National paid premiums to Hartford based on claimant's wages.[2] We agree with this finding and affirm the court's en banc holding.

Section 11(2) allows the claimant to proceed directly against such principal employer without regard to the liability of the independent contractor when it appears that the independent contractor did not provide Workers' Compensation coverage.

■ The second issue is whether or not the claim is barred by the Statute of Limitations. We hold that the Statute of Limitations was tolled by the application of 85 O.S. 1981, § 8. Section 8 requires the employer to advise the injured employee of the right to file a claim under the Workers' Compensation Act. In the event that the employer neglects to give notice the statute of limitations is tolled.[3] There is no question that no § 8 notice was given, and on the contrary, National informed the claimant that he was not entitled to Workers'

---

1. This does not challenge the well-settled rule that the employee of the independent contractor must be engaged in work that was a necessary and integral part of general contractor's business. (*W.P. Atkinson Enter Enterprises, Inc. v. Dist. Ct. of Okl. Cty.*, 516 P.2d 541 (Okl.1973).

2. 85 O.S. 1981, §§ 65.2, 65.3.

3. *Harris v. Osborne Electric Co.*, 654 P.2d 1086 (Okl.App.1982). Section 8 of Title 85 O.S. 1981 repealed, see Chap. 266 Session Laws 1985.

Compensation benefits. For this reason we hold that the claim was timely filed.

The final issue on appeal is whether the claimant's injuries arose out of and during the course of his employment. This Court follows the rule as set down by A. Larson, *Workmen's Compensation Law*, Vol. 1A, § 25.21:

> Employees whose work entails travel away from the employer's premises are held in the majority of jurisdictions to be within the course of their employment continuously during the trip, except when a distinct departure on a personal errand is shown. Thus injuries arising out of the necessity of sleeping in hotels or eating in restaurants away from home are usually held compensable.

Work-connected activity reaches beyond direct services performed and includes ministration to personal comfort and needs of employees.[4]

In *Bayless v. Sparkman Livestock Sales*[5] this Court said:

> As a general rule, a commercial traveler is regarded as acting within the course of his employment during the entire period of his travel upon his employer's business. His acts in traveling, *procuring food* (emphasis added) and shelter are all incidents of the employment, and where injuries are sustained during the course of such activities, the Workers' Compensation Act applies.

■■■ We hold that since eating is necessarily incidental to the work of a traveling employee, injuries arising thereof are compensable.[6]

Opinion of the Court of Appeals VACATED, CAUSE REMANDED to Workers' Compensation Court to fix the amount of award.

HODGES, WILSON and KAUGER, JJ., concur.

SUMMERS, J., concurs specially; I concur in that part of the opinion dealing with tolling of the statute of limitations and 85 O.S. 1981, § 8 by reason of stare decisis only. In other respects I concur with the majority opinion.

SIMMS, C.J., and LAVENDER, OPALA and HARGRAVE, JJ., concur in part, dissent in part.

OPALA, Justice, with whom SIMMS, C.J., and LAVENDER and HARGRAVE, JJ., join, concurring in part and dissenting in part.

The issue dispositive of this appeal is whether the choking-induced harm, suffered by an on-the-road truck driver while eating breakfast, may be regarded—on the record adduced—as an injury that "arises out of" his employment. The court holds today that [a] the principal employer, National Carrier [National], is secondarily answerable to the driver under the Workers' Compensation Act, [b] the limitations period for bringing his claim was tolled by the employer's failure to advise him of his right to file a compensation claim and, lastly, [c] because an employee who is in travel status remains *in the course of employment* throughout the trip—except during a departure on some purely personal errand—*every injury* that occurs in travel, whether attributable to service performance or to ministrations to one's personal comfort or needs, *is legally compensable.* While I concur in that part of the opinion which holds that National, as the driver's "statutory employer," is secondarily liable to the claimant for compensation, I recede

---

4. *Richey v. Commander Mills, Inc.,* 521 P.2d 805 (Okl.1974); *Lewis v. Western Electric Co., Inc.,* 671 P.2d 1162 (Okl.1983).

5. 350 P.2d 233 (Okl.1960), death resulting by asphyxiation while acting as truck driver for employer; see also, *Matter of the Death of Lewis,* 671 P.2d 1162 (Okl.1983), where employee, on temporary assignment in Tulsa, was murdered en route or returning from a restaurant.

In both cases employee was a commercial traveler.

6. Cases where choking induced trauma has been held compensable include: *Snyder v. General Paper Corp.,* 277 Minn. 376, 152 N.W.2d 743 (1967); *Cole v. Union Carbide Corp.,* 50 A.D.2d 623, 374 N.Y.S.2d 741 (1975), *Traveler's Ins. Co. v. McJerski,* 531 S.W.2d 765 (Mo.1975).

from those parts of today's pronouncement in which the court addresses the limitations issue and the choking episode's compensability.

The claimant, a truck driver who had delivered a trailer to its destination and had stayed overnight in order to pick up another load the next day, sustained an injury from choking when he stopped the following morning at a restaurant for breakfast. The trial judge, who acceded to National's contention that it did not stand in an employer status vis-a-vis the claimant, also found that (a) the accident *did not arise out of claimant's employment* and (b) the *claim was barred* by a one-year limitation. The Court of Appeals affirmed the trial judge's order, resting its decision solely on the conclusion that National was not the claimant's statutory employer. Because the trial judge's *dispositive finding*—by which the choking episode was determined not to have arisen out of employment—*is supported by competent evidence* and hence sufficient as a basis for the claim's denial, I would affirm the order denying compensation.

## I

### THE LIMITATIONS ISSUE

I cannot countenance this court's imposition on this statutory employer of the tolling sanction in the third paragraph of 85 O.S. 1981 § 8 [1] because there is here no *showing in the record* that the employer had in fact failed to comply with the notice-posting command in the first paragraph of that section. My unwillingness to join in the court's treatment of the limitations issue is rested on an analysis that is set out in several of my separate opinions. It will

not be repeated here. See, *Loffland Brothers Equipment v. White*, Okl., 689 P.2d 311, 314–315 [1984] (Opala, J., concurring in judgment); *Armco, Inc. v. Holcomb*, Okl., 694 P.2d 937, 940 [1985] (Opala, J., dissenting); *Derryberry v. City of McAlester*, Okl., 695 P.2d 853, 856 [1985] (Opala, J., dissenting) and *York Mfg. Co. v. Fields*, Okl., 705 P.2d 688, 691 [1985] (Opala, J., dissenting).

## II

### THE DICHOTOMOUS DIVISION OF THE STATUTORILY-MANDATED JOB NEXUS INTO THE "IN THE COURSE OF" AND "ARISING OUT OF" COMPONENTS

Today's pronouncement ignores and obfuscates the statutory distinction between two critical elements of an employer's liability in compensation. A compensable accidental injury must both occur "in the course of" as well as "arise out of" the worker's employment. While a worker on travel assignment is *indeed* throughout its duration—both day and night—in the course of his employment, it does not follow that *every injury* suffered by a traveling worker *eo ipso arises out of employment*. When unrelated causally *to the efforts of employment*, a harm-dealing episode of choking must be attributable to a purely *personal risk*. It may not be viewed differently from some spontaneous internal systemic failure, rupture or breakdown, an idiopathic injury, or a simple attack of appendicitis.

Benefits under the Workers' Compensation Act [Act] [2] are allowed *only* for accidental injuries that *both* "arise out of" and occur "in the course of" employment. This

1. The terms of 85 O.S. 1981 § 8 provide:
   "Every employer subject to the provisions of the Workers' Compensation Act shall post and maintain in one or more conspicuous places a notice to its employees covering the rights and obligations of employees under the Workers' Compensation Act. Such notice shall be prepared by the Administrator and shall be supplied to employers at no cost.
   A supply of forms as provided by the office of the Administrator shall be made available to employees by employers subject to the Workers' Compensation Act at no cost to either the employer or employee.
   In the event an *employer having notice of an injury neglects to advise the injured employee of the right to file a claim under the Workers' Compensation Act, the statute of limitations shall be tolled until such claim is filed.* \* \* \*"
   [Emphasis supplied.]

2. 85 O.S. 1981 §§ 1 et seq.

two-part requirement is categorically imposed by 85 O.S. 1981 § 3(7).[3] *Both requirements must be met before an accidental injury can come within the purview of the Act.*[4]

The phrases "arising out of" and "in the course of" are not synonymous. The former refers to the origin or cause of the accident and the latter to the time, place and circumstances under which it occurred.[5]

A truck driver is required to travel from place to place, to a place away from his permanent residence or to some employer-designated business location. An employee in travel status is in the course of his employment from the moment the journey begins until its very end—even during meals, rest periods, and sleep, unless the course is interrupted by a purely personal errand.[6]

Measured by these norms of compensation law, the claimant in this case clearly was *in the course of* his employment when he stopped to eat breakfast and choked. This much is axiomatic. The *controverted issue*, then, is whether the choking incident *arose out of* his employment.

### III

### DID THE CHOKING EPISODE ARISE OUT OF EMPLOYMENT?

An injury "arising out of" the employment must have at its source *a risk not purely personal* but one that is reasonably connected with the employment. There must be a causal nexus between the injury and the conditions of employment.[7] Courts have evolved three different analytical methods when probing for the presence of the requisite causal relationship. These are the so-called *increased-risk, actual-*

---

**3.** The terms of 85 O.S. 1981 § 3(7) define the injury for which compensation may be due: " 'Injury or personal injury' means only *accidental injuries arising out of and in the course of employment* and such disease or infection as may naturally result therefrom and occupational disease arising out of and in the course of employment as herein defined." [Emphasis supplied.]
See *Thomas v. Keith Hensel Optical Labs,* Okl., 653 P.2d 201, 202 [1982] and *Fudge v. University of Oklahoma,* Okl., 673 P.2d 149, 150 [1983].

**4.** Some courts have moved towards adoption of a unitary concept of work-connectedness to replace the two-part analysis for interpreting the statutory requirements. This approach rejects the necessity of establishing temporal, spatial and circumstantial proximity between the injury and employment. It focuses instead on the injury's origin rather than the time and place of its manifestation and requires but a finding of a causal connection between the injury and any incidents or conditions of employment. *M–K Rivers v. Schleifman,* 599 P.2d 132, 134 [Alaska 1979]; *City of Phoenix v. Industrial Commission,* 104 Ariz. 120, 449 P.2d 291, 293 [1969]; *Chung v. Animal Clinic, Inc.,* 63 Hawaii 642, 636 P.2d 721, 725 [1981]; *Comeau v. Maine Coastal Services,* 449 A.2d 362, 369 [Me.1982] and *Halfman v. State Accident Insurance Fund,* 49 Or.App. 23, 618 P.2d 1294, 1296 [1980]. See also 1A Larson's Workmen's Compensation Law § 29.22 [1984].

**5.** *R.J. Allison, Inc. v. Boling,* 192 Okl. 213, 134 P.2d 980, 982 [1943].

**6.** *Baash-Ross Tool Company v. State Industrial Com'n,* Okl., 289 P.2d 659, 662 [1955]; *Bayless v. Sparkman Livestock Sales,* Okl., 350 P.2d 233, 235 [1960] and *Lewis v. Western Electric Company, Inc.,* Okl., 671 P.2d 1162 [1983]. See also 1A Larson's Workmen's Compensation Law § 25.21 [1984].

**7.** The court's syllabus in *Brantley v. State Industrial Commission,* Okl., 315 P.2d 779, 780 [1957] expresses the general rule in this language: "An injury 'arising out of' the employment, within the meaning of the Workmen's Compensation Act, must have resulted from a risk reasonably incident to the employment. There must be apparent to the rational mind, upon consideration of all the circumstances, a causal connection between (1) the conditions under which the work is required to be performed, and (2) the resulting injury. *Stanolind Pipe Line Co. v. Davis,* 173 Okl. 190, 47 P.2d 163."
Another syllabus expressed the same rule in a somewhat different fashion. "An injury arises out the employment when there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the employment and duties to be performed thereunder and the resulting injury. It need not have been foreseen or expected, but after the event it must appear to have had its origin in a risk connected with the employment and to have flowed from that source as a rational consequence." *Royster v. McCoy,* Okl., 293 P.2d 587 [1956]; See also, *Samara v. Lusk,* Okl., 364 P.2d 1113 [1961].

*risk* and *positional-risk tests.*[8] Under the increased-risk test, a compensable injury is one caused by an increased risk to which the claimant, as distinguished from the general public, is subjected by his employment. It calls for proof showing that the nature of the work increases the risk of injury.[9] Under the actual-risk doctrine, recovery is permitted when the employer subjects the worker to the very risk that injures him. The court is not concerned that the risk may also be common to the public.[10] Under the positional-risk test, an injury arises out of employment if it would not have occurred *but for the fact* that the conditions and obligations of the employment placed the claimant in the position where he was injured.[11]

This case does not call upon us to choose for analysis among the three available tests. The record utterly fails to disclose the presence of *any* employment-related risk factors.[12] The occurrence of an acci-

dental injury from an on-the-job choking episode does not, by itself, disclose its connectivity to employment.

The court relies on *Bayless v. Sparkman Livestock Sales*[13] and *Lewis v. Western Electric Company, Inc.*[14] Both of these cases are clearly distinguishable from the present. They stand as authority for the general rule that when a commercial traveler sustains an injury during the course of activities incidental to employment—i.e. traveling and procuring food and shelter—his injuries are compensable. In *Bayless,* a truck driver was asphyxiated while sleeping in a motel room, while in *Lewis* an out-of-state worker, temporarily assigned to Oklahoma, was murdered after working hours while either going to or returning from a restaurant. *Bayless* and *Lewis* apply the so-called positional risk—one whose origin lies in causes that are neither occupational or personal. Under the positional-

**8.** 1 Larson's Workmen's Compensation Law § 6.00 [1984]. Larson notes that two other tests—the peculiar-risk test, requiring that the source of harm be in its nature, as distinguished from its quantity, peculiar to the occupation, and the proximate-cause test, requiring foreseeability and absence of intervening cause—are now largely obsolete.

**9.** *Nims & Frost v. Abner,* 188 Okl. 356, 109 P.2d 237 [1941] (heat exhaustion); *Happel v. Bell,* Okl., 352 P.2d 400, 402 [1960] (sun stroke) and *Walk v. S.C. Orbach Co.,* Okl., 393 P.2d 847, 848 [1964] (injury from a purse snatching episode in employees' parking lot).

In claims for a work-related injury to the heart, judicial assessment of the causal nexus between injury and employment came to be shifted from an increased- to actual-risk test. Compare the court's analysis in *Merrill v. State Industrial Commission,* Okl., 290 P.2d 1095 [1955], with *Farmers Cooperative Association v. Madden,* Okl., 356 P.2d 741, 744 [1960].

See also *Bartley v. Industrial Commission,* 45 Ill.2d 374, 259 N.E.2d 71, 73 [1970]; *Bauer's Case,* 314 Mass. 4, 49 N.E.2d 118, 119 [1943]; *Crites v. Baker,* 150 Ind.App. 271, 276 N.E.2d 582 [1971]; *Hensley v. Glass,* 226 Kan. 256, 597 P.2d 641, 645 [1979]; *Mayo v. Safeway Stores, Inc.,* 93 Idaho 161, 457 P.2d 400, 406 [1969] and 1 Larson's Workmen's Compensation Law § 6.50 [1984].

**10.** *City of Nichols Hills v. Hill,* Okl., 534 P.2d 931 [1975] (histoplasmosis); *Enid State School v. Mitchell,* Okl., 590 P.2d 1179 [1978] (hepatitis); *Wilson Foods Corp. v. Porter,* Okl., 612 P.2d 261

[1980] (brucellosis); *B & B Nursing Home v. Blair,* Okl., 496 P.2d 795 [1972] (assault) and *Cyrus v. Vierson & Cochran, Inc.,* Okl.App., 631 P.2d 1349, 1352 [1981] (assault). See also *Lucas v. Lucas,* 212 Va. 561, 186 S.E.2d 63, 64 [1972] and 1 Larson's Workmen's Compensation Law §§ 6.00 and 6.40 [1984].

**11.** Injuries compensable under this test result from causes which are of neutral origin—those which are neither occupational nor personal. *Bayless v. Sparkman Livestock Sales, supra* note 6; *Lewis v. Western Electric Company, Inc., supra* note 6 and *Fudge v. University of Oklahoma, supra* note 3 at 151. See also *Olinger Construction Co. v. Mosbey,* 427 N.E.2d 910, 913 [Ind. App.1981]; *London Guarantee and Accident Co. v. McCoy,* 97 Colo. 13, 45 P.2d 900, 902 [1935]; *Corken v. Corken Steel Products, Inc.,* 385 S.W.2d 949, 950 [Ky.1965] and 1 Larson's Workmen's Compensation Law § 6.50 [1984].

**12.** There may be a wide range of employment-connected risk elements in ingestion-related injuries. Some of these could be attributable to general stress, others to medicine required to be taken while the worker was in travel, others yet to preparation and quality of food that was consumed, and still others to an accelerated ingestion process occasioned by a tight schedule or a sudden haste in departing from a location.

**13.** See footnote 6 *supra.*

**14.** See footnote 6 *supra.*

risk assessment, an injury is compensable if the accident could be ascribed to a risk to which the employee would not have been exposed if he had not been on a mission for the employer.

Although the claimant was doubtless in the course of his employment when he choked on a piece of meat at the restaurant, his injury was not shown to have any causal connection to his employment. There was here no exigency or some other condition that interfered with the claimant's leisurely and undisturbed consumption of his breakfast. At the time of the harmful event, there was absolutely nothing in the nature of claimant's work, or in the conditions under which it was required to be performed, that exposed his ingestion to a job-connected risk. Because the claimant utterly failed to isolate and identify some employment-connected risk element to which the harmful episode could be attributed, none of the three recognized tests, when applied to this case, could result in a finding that the requisite nexus was in fact present between the claimant's employment and his injury. *In short, on the record here before the court, the* *claimant's choking episode cannot be ascribed to anything but a purely personal risk.*

While I would hold in this case that the injury is not compensable, it does not follow that *all* ingestion-related risks fall into a noncompensable category. There could be instances produced by the work environment in which choking-induced trauma would bear a causal relation to work activity.[15] No hard and fast rule can be laid down under any of the three extant tests. Each claim's compensability must be considered on its own facts.[16]

Whether an injury does arise out of a claimant's employment presents an issue of fact. When reviewing nonjurisdictional issues in a compensation claim this court must accept as binding all the trial tribunal's findings of fact which are supported by competent evidence.[17] There is here competent evidence for the trial judge's finding that *the episode of choking* —though it clearly occurred while the claimant was in travel status—*did not arise out of his employment.* A different

**15.** See the varied scenarios suggested in footnote 12 *supra.*

**16.** An award of compensation was denied for an ingestion-related injury (a) in *Klein v. Terra Chemicals International, Inc.,* 14 Md.App. 172, 286 A.2d 568 [1972], where the worker's death was brought about by choking on a piece of meat while eating dinner in a restaurant. At the time, he was attending a convention at which his expenses were paid by the employer and was eating dinner with others who were in attendance. The court held that, while the incident might have occurred *in the course of* the worker's employment, it *did not arise out* of the employment since the risk he encountered was no greater or different in degree because of his employment than that experienced by all persons engaged in eating a meal; (b) in *Bartlett v. Duke University,* 284 N.C. 230, 200 S.E.2d 193 [1973], where the worker made a trip out of state to interview prospective applicants for employment with his employer. After a day's work he went to a restaurant where he choked to death while eating a large piece of meat. The appellate court reversed the lower court's finding that the injury arose out of the worker's employment since he had completed his work for the day and was having a friendly meal with an acquaintance. The court reasoned that eating was not an activity peculiar to traveling or

to employment; and (c) in *Sheldon v. Broughton Corporation,* 42 A.D.2d 650, 345 N.Y.S.2d 218 [1973], where a salesman died while eating a piece of meat at a restaurant. The court held that the death resulted from a purely personal act that did not arise out of or in the course of employment.

Choking-induced trauma were held compensable in *Travelers Ins. Co. v. Majersky,* 531 S.W.2d 765 [Mo.App.1976]. There, a newspaper editor choked to death on a piece of meat at an awards' banquet which he attended at the direction of his employer. The court, which held that the death was caused by an "accident" within the meaning of the compensation law and that it "arose out of" the editor's employment, declined to find unreasonable an inference, drawn by the trial tribunal, *that stress and the need to eat hastily constituted an employment hazard.* See also *Cole v. Union Carbide Corp.,* 50 A.D.2d 623, 374 N.Y.S.2d 741 [1975] and *Snyder v. General Paper Corporation,* 277 Minn. 376, 152 N.W.2d 743 [1967].

**17.** *Parks v. Norman Municipal Hospital,* Okl., 684 P.2d 548, 552 [1984] and *Loggins v. Wetumka General Hospital,* Okl., 587 P.2d 455, 457 [1978].

finding would have been barren of any evidentiary support.

I would vacate the Court of Appeals' opinion and affirm the trial tribunal's order denying compensation.