**Clyde LYONS, Petitioner,**

v.

**TOLLIE FREIGHTWAYS, and The Workers' Compensation Court, Respondents.**

**No. 79932.**

Court of Appeals of Oklahoma, Division No. 1.

March 16, 1993.

David Garrett, George W. Smith, Muskogee, for petitioner.

Larry G. Taylor, Jody R. Nathan, Tulsa, for respondents.

**MEMORANDUM OPINION**

GARRETT, Judge:

Petitioner Clyde Arthur Lyons (Claimant) filed his Form 3 in the Workers' Compensation Court on June 5, 1991, alleging he sustained an accidental injury arising out of and in the course of his employment with Respondent Tollie Freightways (Employer). He alleged he suffered stab lacerations to his left lung, liver, back and heart on January 1, 1991, and that the place of the injury was "San Antonio/Bexar/Texas". Employer filed Form 10's and stated the following as affirmative defenses: "Denial of Injury"; and "Object to Oklahoma Jurisdiction; not work related".

On February 11, 1992, the trial court entered an order denying the claim, finding Claimant did not sustain an accidental injury arising out of and in the course of his employment. Claimant filed an appeal to the Workers' Compensation Court *En*

*Banc,* which affirmed the trial court on June 18, 1992. The three judge panel found the trial court's order was not against the clear weight of the evidence or contrary to law.

Employer contends this review proceeding should be dismissed because Claimant failed to attach a certified copy of his order to the Petition for Review, and because he raised issues therein which he did not raise in his Request for Review with the Court *En Banc.* The Supreme Court denied the motion to dismiss as to the certified copy of the order on appeal, but deferred the other issue to the adjudication on the merits.

The motion to dismiss is denied. We have reviewed the issues raised in both courts, and they are essentially similar in nature so as to question whether the trial court erred in ruling his activities at the time of his injuries did not arise out of and in the course of his employment.

Claimant testified he was an over the road truck driver for Employer, and that on December 30, 1990, he was engaged in a trip which began in Muskogee, Oklahoma, where he picked up a load of paper products at Ft. Howard Paper Company. His drop-off point was Corpus Christi, Texas, where he was scheduled to arrive January 1, 1991, at about 11:00 a.m. He stopped at Dallas, Texas, on the night of December 30, 1990, and slept in his truck at a truck stop. The next day, December 31, 1990, he drove to the San Antonio area. He stopped at his designated truck stop in Petro, in the San Antonio city limits. He planned to spend the night there and travel to Corpus Christi the next day because he had driven his 10–hour per day driving limit. He testified after he got fuel for his truck, he went to eat and watch television in the trucker's lounge. After about two hours, he went back to his truck. He testified he cleaned his truck and talked on his CB radio to a truck driver parked near his own truck. He left his truck to visit with the other driver, who was parked about two to three trucks away, because he thought it was someone he knew from his hometown in Texas. There was a man, Jerry Don Bidwell (Bidwell), and a woman in the truck at

that time, and later another man arrived. He stayed there, drinking beer and socializing from approximately 5:30 or 6:00 p.m. until about 11:00 p.m., when an altercation occurred.

Claimant testified he has no direct recollection of what transpired after he went into the truck. He does not recall why he was stabbed or who stabbed him. He did not remember saying anything to the woman in Bidwell's truck that would have caused Bidwell to become angry. He stated he drank three or four beers over a period of 5½ to 6 hours. He testified that he chose to sleep in his truck because he received no expense money from Employer for a motel room. However, he testified he could have decided to stay in a motel if he paid for it. He was required to have an 8–hour break before he resumed driving after his stop. He also testified that he knew of no benefit Employer derived from the socializing and drinking he did that night.

The general rule with regard to whether recreational and social activities are within the course of one's employment is stated in *Oklahoma Natural Gas v. Williams,* 639 P.2d 1222, 1224 (Okl.1981), and occurs in the following cases:

(1) when they occur on the premises during a lunch or recreation period as a regular incident to the employment; or (2) when the employer *expressly or impliedly* induces participation, or makes the activity come within the orbit of employment duties; or (3) when the employer derives from the activity substantial direct benefit that extends beyond the intangible value of employees' health or moral improvement which is common to every kind of recreational and social event. (Emphasis in original).

Although Claimant received no motel allowance and stayed in his truck to avoid out of pocket expenses, the evidence supports a finding that Claimant's socializing benefitted no one but himself. "Where an employee suffers injury while engaged in acts for own purpose or convenience, except those necessary for personal convenience and comfort while at work, the injury does not occur in the course of employ-

ment." *Hegwood v. Pittman,* 471 P.2d 888, 891 (Okl.1970) (Citations omitted). He was not injured during dinner, as he had eaten dinner hours before. We thus find distinguishable the case of *Fox v. National Carrier,* 709 P.2d 1050 (Okl.1985), cited by Claimant. Therein, the claimant, a truck driver, choked on a piece of sausage during a meal, started gagging, vomited violently and ruptured a cervical disk. It was determined therein that since eating is necessarily incidental to the work of a traveling employee, his injuries were compensable. However, in the instant case, Claimant's injuries occurred after dinner and while he was socializing. *Fox,* supra, is not controlling under these facts.

Findings of fact made by the trial court are binding and conclusive in review proceedings before this Court, unless they lack support in competent evidence. *Parks v. Norman Municipal Hospital,* 684 P.2d 548 (Okl.1984). It is only when competent evidence is lacking that the trial court's decision may be determined to be erroneous as a matter of law. *Parks,* supra. The order of the trial court is supported by competent evidence, and the order of the Court *En Banc* affirming it is SUSTAINED.

ADAMS, P.J., and JONES, J., concur.