## DIXON v. SINCLAIR-PRAIRIE OIL CO. et al.

No. 32956.　Feb. 23, 1949.

*203 P. 2d 419.*

Homer Bishop, of Seminole, and Claud Briggs, of Oklahoma City, for petitioner.

Ralph W. Garrett, of Tulsa, Clayton B. Pierce, of Oklahoma City, and Mac Q. Williamson, Atty. Gen., and Richard M. Huff, Asst. Atty. Gen., for respondents.

CORN, J.　Petitioner brought this action to review and vacate an order of the State Industrial Commission denying him an award of compensation.

Petitioner had been in respondent's employee for a number of years when, on January 24, 1943, in the course of his employment, he was attempting to seal a loaded tank car for shipment. The gauge pole extending down through the dome into the car was held in place by a rachet which either came loose or failed to catch, thus allowing the pole to fly up and strike petitioner in or above the right eye. A few minutes later the superintendent took him to the company physician who took three stitches in the cut above his eye. Petitioner immediately returned to work and worked regularly without loss of time until about April 10, 1944.

Petitioner testified that a few months after the accident, he noticed his vision was "slanting". June 10, 1943, he sought medical aid from Drs. Ferguson and Wails in Oklahoma City, who gave him medication for his eye and recommended a mastoid operation which they advised petitioner might relieve his eye condition.　Those doctors' testimony was that when they first saw petitioner his vision was 20/20, and on August 27, 1943, it was 20/30.

A mastoid operation was performed in September, 1943, and the testimony showed petitioner was not advised at such time that he had any permanent impairment of vision. Petitioner's testimony was that he was examined by Drs. Ferguson and Wails in December, 1943, at which time his vision was still "slanting" and "things begun to look hazy." In January or February, 1944, he discovered his vision was getting worse.

The testimony reveals that petitioner had lost the sight of his left eye some years previous to the accident herein involved. About April 1, 1944, he realized his vision was getting worse and he was unable to perform his regular duties, and requested the superintendent to change him to another job. Thereafter, petitioner was unable to sign the payroll because of his failing sight. April 10, 1944, the superintendent sent him to a doctor in Tulsa who examined petitioner and treated him for approximately two weeks, and thereafter released him as industrially blind and unable to perform his work. Petitioner's claim for compensation was filed August 2, 1944.

Hearings were held at various times and the trial commissioner thereafter made complete findings of fact and entered an order awarding petitioner compensation for permanent total disability. The commissioner's order was reviewed by the commission en banc and after consideration of the evidence and hear-

ing argument of counsel, the following order was entered:

"That claimant's claim for compensation was filed herein on August 3, 1944, for an injury alleged to have occurred on January 23, 1943, and there having been no forms or pleadings filed herein prior to August 3, 1944, and no evidence introduced in said cause sufficient to toll the statute of limitations, claimant's claim should be barred by reason of said statute of limitations."

It is the petitioner's contention the commission en banc denied his claim for compensation upon the sole ground same was barred by the statute of limitations, and since they made no independent finding of fact contrary to that of the trial commissioner, his finding of fact must be taken as sufficient. Further, there being no evidence upon which the commission en banc could have based a finding to support its decision to the effect there was no evidence introduced sufficient to toll the statute of limitations, the commission's order should be vacated and the trial commissioner's order reinstated.

In Bartlett-Collins Co. et al. v. Roach, et al., 180 Okla. 521, 71 P. 2d 489, paragraph 1 of the syllabus lays down the following rule:

"Under the provisions of the Workmen's Compensation Law a disability naturally resulting from an accidental injury arising out of and in the course of employment is a compensable injury, and the statutes of limitation provided in section 13367, O. S. 1931 (85 Okla. St. Ann. §43) would not begin to run until the disability arising from such accidental injury becomes apparent."

To the same effect see Pine v. State Ind. Comm., 148 Okla. 200, 298 P. 276; Swift & Co. et al. v. State Industrial Comm. et al., 161 Okla. 132, 17 P. 2d 435, and cases therein cited.

Consideration of this record discloses there is evidence of at least three different times the commission could have found petitioner became cognizant of the alleged disability, to wit: (1) In April, 1944, when he testified to having discovered that his vision was distorted and he was unable to sign the payroll; (2) in December, 1943, when he testified "things begun to look hazy"; (3) in January or February, 1944. Careful consideration of the order made by the commission en banc fails to disclose that a finding of fact actually was made.

It not only is the duty of the commission to grant or deny compensation in a case of this nature, but it likewise is incumbent upon it to set forth the facts upon which such grant or denial is based.

In Adams v. City of Anadarko et al., 198 Okla. 484, 180 P. 2d 159, paragraphs 1 and 2 are as follows:

"It is the duty of the State Industrial Commission to make specific findings of the ultimate facts responsive to the issues as well as the conclusions of law upon which an order is made granting or denying an award of compensation to a claimant.

"Where the findings of fact and conclusions of law of the State Industrial Commission are too indefinite and uncertain for judicial interpretation, this court, on appeal, will vacate the order for further proceedings."

We are well aware that the rule announced in syllabus 1, supra, has not been followed strictly in the past. However, we deem such rule to be of vital importance in determining the issues involved in such cases.

Had the commission determined as a fact that on April 10, 1944, it became apparent to petitioner that he had sustained a serious injury, and that therefore more than one year had elapsed before his claim was filed, or had the commission found the fact to be that petitioner had no knowledge as to the extent of injury until "things begun to look hazy" and that this was less than a year prior to the filing of his claim for compensation, then, under such findings and the conclusions based

thereon, it would have been possible for this court to have examined the evidence to ascertain whether the commissioner's order was supported thereby. As the matter stands now before this court, we have only the bare conclusion reflected in the order entered that there is no evidence sufficient to toll the statute of limitations.

The order is reversed and the cause remanded for further proceedings not inconsistent with the views expressed herein.

ARNOLD, V.C.J., and LUTTRELL, HALLEY, JOHNSON, and O'NEAL, JJ., concur. WELCH, J., dissents.