Clarice BRUCE, Claimant,

v.

T.G. & Y. STORES COMPANY, Employer,

v.

NORTHWESTERN NATIONAL INSURANCE COMPANY, Insurance Carrier.

No. 60635.

Court of Appeals of Oklahoma, Division No. 3.

Oct. 18, 1983.

Released for Publication by Order of the Court of Appeals Nov. 18, 1983.

Paul F. Fernald, Oklahoma City, for claimant.

James B. Durant, Oklahoma City, for employer and insurance carrier.

HUNTER, Judge:

■ Clarice Bruce, claimant-petitioner, appeals from an order of the Workers' Compensation Court, *en banc,* affirming the trial court's order denying her claim for compensation on the basis that it was barred by the one-year statute of limitations set forth in 85 O.S.1981 § 43. The trial court also found that she had sustained an accidental injury arising out of the course of her employment. Clarice's proposition of error is that the statute of limitations had been tolled due to the failure of her employer to properly advise her of her right to file a claim under the Workers' Compensation Act as contemplated in 85 O.S.1981 § 8.

The testimony pertinent to the issue on appeal .is as follows. Clarice, a clerical worker, testified that she sustained an accidental injury to her neck during the course of her employment when she pulled out a stuck, heavy file drawer on September 23, 1981. She further testified that she reported her injury to her immediate supervisor; on September 28, she sought medical treatment; and she was later hospitalized for three weeks during which time she had surgery. She returned to work on December 15, 1981 and continued to work at T.G. & Y. until she was terminated on October, 1982. Her medical bills were partly paid by her hospitalization insurance. Despite knowing that other employees of T.G. & Y. had filed for workers' compensation benefits and that her husband had likewise filed for such benefits, she did not file her claim until December 8, 1982, some 14½ months after her injury. She testified that she had not previously filed her claim because she feared she would lose her job.

Clarice's immediate supervisor testified that he remembered Clarice complained to him that her neck was hurting, but she never reported to him that it was the result of a job-related injury. The warehouse manager testified that he had spoken with Clarice about her physical problems and she had told him she was not sure how she hurt

her neck. A fellow employee testified that Clarice did not indicate to him that her injury was job-related, though, at times, she had discussed her ailments with him.

Title 85 O.S.1981 § 8, in pertinent part, provides:

Posting notice of rights and obligations of employees.

Every employer subject to the provisions of the Workers' Compensation Act shall post and maintain in one or more conspicuous places a notice to its employees covering the rights and obligations of employees under the Workers' Compensation Act. Such notice shall be prepared by the Administrator and shall be supplied to employers at no cost.

A supply of forms as provided by the office of the Administrator shall be made available to employees by employers subject to the Workers' Compensation Act at no cost to either the employer or employee.

In the event an employer having notice of an injury neglects to advise the injured employee of the right to file a claim under the Workers' Compensation Act, the statute of limitations shall be tolled until such claim is filed.

As noted by Clarice, this Court, in *White v. Lofflin Brothers Equipment*, 54 O.B.J. 1649, 1650 (Okl.App. June 14, 1983), stated:

It is obvious to this Court that the Legislature, through § 8, has now placed a duty on employers to inform employees of their rights under our workers' compensation laws by *requiring employers to post notice of employees' rights,* and where an employer neglects to perform this duty, the statute of limitations is tolled. [Emphasis added.]

However, we also stated in *White,* (citing *Purdy v. Flint Steel Corp.,* 535 P.2d 277 (Okl.1975)), that the burden of proof is upon the claimant to establish that the statute of limitations had been tolled due to the failure of the employer to comply with the statutory requirements of § 8, i.e., employer's failure to post the required statutory notice.

Here, the only evidence regarding posting of the required notice was brought forth by counsel for employer during cross-examination of Clarice, wherein she testified that there was a bulletin board for information at her former place of employment, but that she did not remember the type of information posted. Although we did rely upon the cross-examination of the claimant in *White* to hold claimant had established his proof that the employer had failed to post the required notice, the testimony here did not establish such proof. In *White,* the claimant, whose testimony was unrefuted, stated that he was positive the notice was not posted. Clarice only testified that she could not remember what was posted. Though a party may rely upon evidence brought forth by his opposing parties, it is still the claimant's burden of proof to establish that the statute has been tolled. We find that Clarice failed to meet this burden.

We interpret Clarice's argument as also implying that § 8 additionally requires an employer to orally advise an employee of his/her right to file a claim once the employer has notice of a job-related injury. This argument was specifically rejected by Court of Appeals, Division I, in *Derryberry v. City of McAlister,* 54 O.B.A.J. 1593, 1594, (Okl.App. May 31, 1983), wherein it held:

The plain meaning of § 8 requires employers only post notice of employee rights and obligations and then only if such notice is not posted will the Statute of Limitations thereby be tolled. We hold that § 8 does not contemplate the added requirement of employer to orally inform employees of their rights under the Workers' Compensation Act.

It is implicit from our ruling in *White, supra,* although we did not specifically so state, that we likewise do not interpret § 8 as requiring an employer, in addition to posting the required notice, to also orally inform an employee of his/her rights to file a claim once the employer has notice of a job-related injury. In *White,* there was

evidence that the employer did not inform the claimant orally of his rights after being notified by the claimant of his job-related injury. *See White.* We, however, did not rely on that evidence in rendering our decision in *White* because § 8, in our opinion, only places a duty upon the employer to post the proper notice in conspicuous places and where an employer fails to perform this duty, the statute of limitations is tolled. This is not to say that an employer who has failed to post the required notice and who has notice of a job-related injury may not prevent the tolling of the statute of limitations by orally advising an employee of his/her right to file a claim.

■ We also stated in *White* that the language "notice of an injury", sufficient to toll the statute of limitations where an employer neglects to post the required statutory notice, means only that "the employer had actual knowledge of facts which should inform the employer that a job-related injury has occurred." *White, supra.* In this case, the evidence indicates that, although the employer was aware of Clarice's medical problems concerning her neck,

the employer was not aware that her injury was job-related. Therefore, we find that Clarice has not met her burden of proof in establishing that employer had notice of a job-related injury.[1] Consequently, should the Oklahoma Supreme Court, where both *White* and *Derryberry* are currently pending review, differ with our opinion that § 8 does not require an employer to orally advise an employee of his/her rights under our workers' compensation laws, Clarice has still not met her burden in establishing that her employer was aware or had some actual knowledge of a job-related injury.

The order of the Workers' Compensation Court is hereby sustained.

**SUSTAINED.**

WILSON, P.J., and HOWARD, J., concur.

---

1. We, of course, are aware that our review of a statute of limitations issue is limited to conclusions of law and does not encompass independent review of factual determinations made by the Workers' Compensation Court. *See, e.g., Eaton v. Herman Van Noy Drilling,* 637 P.2d 1249, 1250 (Okl.1981). We, however, assume, because the issue was decided adversely to claimant, that the trial court did not believe her testimony that she actually told her supervisor her injury was job-related.