**ARMCO, INC., Petitioner-Appellant,**

v.

**Richard P. HOLCOMB,
Respondent-Appellee,**

and

**Workers' Compensation Court, Appellee.**

No. 60934.

Supreme Court of Oklahoma.

Jan. 22, 1985.

Thomas E. Steichen, Rhodes, Hieronymus, Jones, Tucker & Gable, Tulsa, for petitioner-appellant.

John L. Harlan, Sapulpa, for appellees.

ALMA WILSON, Justice.

The claimant, Richard Paul Holcomb, sustained an accidental back injury while lifting metal posts during the course and scope of his employment on February 5, 1980. Claimant notified his employer, Armco, Inc., of the injury and received immediate medical attention. One year and ten months after the date of injury, Claimant filed a workers' compensation claim for permanent partial disability benefits. In its answer, Employer affirmatively "allege[d] that the claim is barred by the statute of limitations as provided in Title 85 O.S. § 43".[1] At the commencement of proceedings before the Workers' Compensation Court, Claimant raised the issue of notice and asserted 85 O.S.1981 § 8 "as to the statute of limitations". The provisions of 85 O.S.1981 § 8 prescribe the following requirements:

Every *employer* subject to the provisions of the Workers' Compensation Act *shall post and maintain* in one or more conspicuous places *a notice* to its employees covering the *rights and obligations* of employees *under the Workers' Compensation Act.* Such notice shall be prepared by the Administrator and shall be supplied to employers at no cost.[2]

A supply of *forms* [3] as provided by the office of the Administrator *shall be made available to employees by employers* subject to the Workers' Compensation Act at no cost to either the employer or employee.

In the event an *employer having notice of an injury neglects to advise the injured employee* of the *right to file a claim under the Workers' Compensa-*

1. The statutory time limitation governing the right to claim benefits under the Workers' Compensation Act absent proof of facts which operate to arrest, suspend, toll or waive the limitation is set forth at 85 O.S.1981 § 43, which in pertinent part states: "The right to claim compensation under the Workers' Compensation Act shall be forever barred unless, within one (1) year after the injury or death, a claim for compensation thereunder is filed with the Administrator. Provided, however, claims may be filed at any time within one (1) year from the date of last payment of any compensation or remuneration paid in lieu of compensation or within one (1) year from last authorized medical treatment."

2. The applicable notice prepared by the Administrator and supplied to employers at no cost states:

TO THE EMPLOYEE
IMPORTANT THINGS TO DO IN CASE OF INJURY
In case of accidental injury or occupational disease, however slight, the employee should *IMMEDIATELY* notify this employer. If this employer be a partnership then such notice shall be given to any one of the partners, and if this employer be a corporation, then such notice shall be given to any agent or officer thereof upon whom legal process may be served. In either event, whether this employer is a partnership or corporation, then such notice shall be given to any agent in charge of business in the place where the injury occurred. *IN ALL CASES NOTICE OF INJURY MUST BE GIVEN WITHIN THIRTY DAYS.*
In case of accidental injury or occupational disease, you should *IMMEDIATELY* file your claim for compensation with the Court. The employer is required to furnish the necessary blanks. Use Form 3 for accidental injury and Form 3-b for occupational disease.
Claims for accidental injury not filed with the Court within one year from the date of injury are forever barred. Claims for occupational disease not filed with the Court within eighteen (18) months of either the last hazardous exposure or the date the disease first becomes manifest, whichever last occurs, are forever barred. *PROVIDED HOWEVER,* claims may be filed at any time within one year from the date of last payment of any compensation or remuneration paid in lieu of compensation or within one year from the date of the last medical treatment provided by the employer.

3. Forms provided at no cost by the office of the Administrator, required to be furnished by the employer to his employee, for use by employee to implement the right to file a claim under the Workers' Compensation Act include Form 3, the *"Employee's First Notice of Accidental Injury and Claim for Compensation".* *See,* 85 O.S.1981 Supp. Ch. 4, App.R. 11.

*tion Act,* the *statute of limitations* shall be *tolled* until such claim is filed.

Every *employer,* subject to the provisions of the Workers' Compensation Act, *shall also post and maintain* in one or more conspicuous places in or about his places of business *notices* in a form prescribed by the Administrator stating the fact *that he has complied with the rules and regulations* [4] adopted governing the implementation of the Workers' Compensation Act *and* that he has *secured the payment of compensation* [5] to his employees and their dependents in accordance with the Workers' Compensation Act. [Emphasis ours.]

Citing 85 O.S.1981 § 8, the trial judge of the Workers' Compensation Court determined that the statute of limitations had not run in this matter and awarded Claimant Holcomb benefits.

Employer and Claimant filed separate requests for review. A three judge panel of the Workers' Compensation Court corrected a typographical error as requested by Claimant and affirmed the corrected order. Employer instituted proceedings in this Court for review of the order of the Workers' Compensation Court. On assignment to the Court of Appeals, Division No. 4, the order was affirmed. We now review by certiorari the opinion of the Court of Appeals.

■ The burden of proof in workers' compensation cases rests upon the claimant seeking benefits to establish all the essential elements of his claim,[6] and upon the employer or insurance carrier to establish facts which bar the claimant's right to recovery.[7]

■ In the present case, Employer invoked the statute of limitations in bar of Claimant's right to recovery. In support thereof, the record establishes on its face that Claimant filed his claim beyond the statutory period of time prescribed by 85 O.S.1981 § 43. The burden of proof therefore devolved upon Claimant to adduce essential facts which would operate to arrest, suspend, toll or waive the statute of limitations,[8] pursuant to 85 O.S. § 8, to establish his right to recovery beyond the prescribed period.

Claimant, the sole witness at trial, submitted testimony that Employer had notice of his injury, but failed to advise him of the right to file a claim under the Workers' Compensation Act:

Q. (By Mr. Harlan) Now, Mr. Holcomb, prior to the time that you filed that claim in the Workers' Compensation Court, did anyone on behalf of Armco, or any adjustor—did anyone associated with Armco ever advise you of your right to file a claim in the Workers' Compensation Court prior to filing this claim?

A. No.

Claimant's testimony remained uncontroverted by either opposing testimony or cross-examination.

■ In the present case, whether the statute of limitations has been tolled or waived is obviously a question of fact. Where it is contended that the statute of limitations has been tolled or waived and that determination is dependent upon a question of fact, the finding of the Workers' Compensation Court will not be disturbed on appeal when it is based upon testimony tending to show such fact.[9]

---

4. Rules and Regulations adopted by the Workers' Compensation Court to govern the implementation of the Workers' Compensation Act under the authority of 85 O.S.1981 § 77, are found at 85 O.S.1981 Supp. Ch. 4, App. R. 1, *et seq.*

5. An employer is required to secure the payment of compensation to his employees in one of the ways specified in 85 O.S.1981 § 61.

6. *Jake's Casing Crews, Inc. v. Grant,* 451 P.2d 700 (Okl.1969); *Mobley v. Brown,* 151 Okl. 167, 2 P.2d 1034 (1931).

7. *Wick v. Gunn,* 66 Okl. 316, 169 P. 1087 (1917).

8. *Purdy v. Flint Steel Corporation,* 535 P.2d 277 (Okl.1975).

9. *Cupit v. Dancu Chemical Co.,* 316 P.2d 593 (Okl.1957).

■ We hold the Workers' Compensation Court's finding that the statute of limitations had not run in this matter by virtue of the tolling provision of 85 O.S.1981 § 8, is supported by competent evidence, as is the finding of job related accidental injury and notice thereof.

The opinion of the Court of Appeals is vacated and the order of the Workers' Compensation Court is AFFIRMED.

SIMMS, C.J., DOOLIN, V.C.J., and HODGES, BARNES and KAUGER, JJ., concur.

LAVENDER and HARGRAVE, JJ., concur in result.

OPALA, J., dissents.

OPALA, Justice, dissenting.

The court declares a compensation claim, brought *more* than *twenty-two months after injury*, to be timely because the applicable one-year limitation period prescribed in 85 O.S.1981 § 43 remained arrested by the employer's noncompliance with § 8[1] of the Act. The opinion is rested on the holding that by the third paragraph of § 8 the employer who has knowledge of an injury stands required, *in every instance*, to *advise* the worker *personally* of the right to file a claim. For the reasons to be stated, I am unable to give the paragraph under consideration the sweeping effect that the court attributes to its language.

### I

### THE ANATOMY OF THE WORKER'S CLAIM

The worker's back injury occurred *February 5, 1980*, his claim was filed *December 18, 1981*. The employer's answer invoked the statutory time bar of one year. The trial judge's award found that "the statute of limitations has not run in this matter. 85 O.S. Section 8". So far as pertinent here, the three-judge review panel affirmed the award. The record discloses that: (1) the worker informed his foreman of the February 5, 1980 back injury and was sent to a doctor; (2) no one acting for the employer ever advised the worker personally of his right to file a claim; (3) the worker had previously filed a compensation claim for another injury, was represented by counsel, testified at a hearing and received disability benefits; and (4) *no* proof was offered by either party to show whether the employer did comply with the § 8 notice-posting requirement.

### II

### THE MEANING OF THE THIRD PARAGRAPH IN § 8

At the heart of this controversy is the meaning of the third paragraph in § 8. That paragraph provides:

"In the event an employer having notice of an injury neglects to *advise* the injured employee of the right to file a claim ..., the statute of limitations shall be tolled until such claim is filed." (emphasis supplied)

The quoted text may not be construed in total isolation from the provisions that precede it in § 8 or from the rest of the Act. When its language is considered, as it must,[2] in conjunction with the first para-

---

1. The pertinent terms of 85 O.S.1981 § 8 are: "Every employer subject to the provisions of the Workers' Compensation Act shall post and maintain in one or more conspicuous places a notice to its employees covering the rights and obligations of employees under the Workers' Compensation Act. Such notice shall be prepared by the Administrator and shall be supplied to employers at no cost.
A supply of forms as provided by the office of the Administrator shall be made available to employees by employers subject to the Workers' Compensation Act at no cost to either the employer or employee.

In the event an employer having notice of an injury neglects to advise the injured employee of the right to file a claim under the Workers' Compensation Act, the statute of limitations shall be tolled until such claim is filed. * *"

2. "Whenever the meaning of a word or phrase is defined in any statute, such definition is applicable to the same word or phrase wherever it occurs, except where a contrary intention plainly appears." 25 O.S.1981 § 2.

graph of § 8 and with the notice provisions in § 24,[3] it is at once clear that the employer who "neglects to advise" the injured worker is *only* he who has failed to comply with the posting requirements in § 8, and the phrase "employer having notice" refers to one who was informed of the worker's injury in a manner prescribed in § 24 or by an acceptable equivalent that is approved by the trial tribunal under the standards set forth in § 24A.[4] So viewed, the critical third paragraph to be construed here applies *only* to the employer who, by failing to post notice, has violated the first paragraph in § 8. *Nay, the third paragraph constitutes nothing more than a legislatively-authorized sanction imposable for noncompliance with the statute's posting requirement.* It is the *offending employer* who, upon receiving from the worker the § 24 notice or its equivalent, *must* then personally advise the worker of his rights. Were it not for the employer's violation of the command to post notice, these rights would have been communicated to the worker *via* posting.[5] In sum, *posting*

clearly means *advising.*[6] An employer who is in compliance with the § 8 posting requirement need not give personal advice to an injured worker who gives him a § 24 notice or its acceptable equivalent. *Only* a noncomplying employer must suffer the tolling sanction that is imposable by the third paragraph of § 8, when he fails, on receiving the § 24 notice or its legal counterpart, to advise the worker of his right to bring a claim. The view expressed by me in this case is in accord with the pronouncements made by the Court of Appeals, Div. 3, in *Bruce v. T.G. & Y. Stores, Company,* Okl.App., 672 P.2d 329 [1983] [7] and by Div. 2 in *Harris v. Osborne Elec. Co.,* Okl.App., 654 P.2d 1086, 1088 [1982].

## III

## THE § 8 SANCTION DOES NOT APPLY TO THIS CLAIM

The burden to demonstrate the employer's noncompliance with § 8 rests upon the claimant who seeks to avoid the § 43 time

---

3. The pertinent parts of 85 O.S.1981 § 24A provide:

   *"Notice of an injury* for which compensation is payable under the Workers' Compensation Act *shall be given* to the Administrator and to the employer *within thirty (30) days after injury,* ...

   \* \* \* \* \* \*

   *The failure to give such notice, unless excused* by the Administrator *either on the ground that notice for some sufficient reason could not have been given, or on the ground that the insurance carrier or employer, as the case may be has not been prejudiced thereby, shall be a bar to any claim under the Workers' Compensation Act.* \* \* \*" (emphasis supplied)

4. Today's construction of § 8 is apt to have a profoundly adverse effect on the ability of a worker to secure the trial tribunal's excuse from giving a § 24 (statutory) notice. If the employer must, in *every case, personally advise* the worker from whom he receives notice or suffer the tolling sanction, want of the § 24 (statutory) notice will doubtless be urged as prejudicial to the employer's defense posture because its absence would tend to deprive the employer of an early opportunity to prevent tolling by compliance with the personal-advice requirement.

5. The notice prescribed by the Workers' Compensation Court on Form No. 1-a amply in-

forms the worker of the time limit for bringing a claim. It provides in pertinent part:

   "Claims for accidental injury not filed with the Court within one year from the date of injury are forever barred. Claims for occupational disease not filed with the Court within eighteen (18) months of either the last hazardous exposure or the date the disease first becomes manifest, whichever last occurs, are forever barred. PROVIDED HOWEVER, claims may be filed at any time within one year from the date of last payment of any compensation or remuneration paid in lieu of compensation or within one year from the date of the last medical treatment provided by the employer."

6. *See Loffland Bros. Equipment v. White,* Okl. 689 P.2d 311, 314–315 (1984) (Opala, J., concurring in judgment).

7. In *Bruce,* the Court of Appeals, quoting from *Loffland Bros. Equipment v. White,* 54 O.B.J. 1649, 1650 (Okl.App. June 14, 1983), stated:

   " 'It is obvious to this Court that the Legislature, through § 8, has now placed a duty on employers to inform employees of their rights under our workers' compensation laws by *requiring employers to post notice of employees' rights,* and where an employer neglects to perform this duty, the statute of limitations is tolled.' " [emphasis in the quotation]

bar.[8] *This worker utterly failed to sustain his onus. The record is barren of proof that this employer did not post the statutory notice.* It is the worker's argument that the law entitles him to the benefit of the § 8 tolling provision even against that employer who has fully complied with the posting requirement. The court's pronouncement, at least implicitly if not explicitly, accedes to this view. *I cannot countenance applying the § 8 tolling sanction against one who was not shown by the record to have been in disobedience of the Act's posting command.*

There is another reason why, absent a specific finding of prejudice from want of advice, I cannot favor affording to this worker the benefit of the tolling sanction. The record is clear that his past experience as a claimant had made him well informed of an injured worker's right timely to proceed in compensation for an award of statutory benefits. Even if the tolling sanction were indeed applicable to this claim, personal advice to this worker was not necessary in order to afford him protection of his rights under the Act without a specific finding that he was indeed unaware of the one-year time limit.

## IV

### THE TRIAL JUDGE'S RESOLUTION OF THE EMPLOYER'S TIME–BAR DEFENSE IS UNSUPPORTED BY ANY FINDINGS OF FACT

The award under review cannot stand for yet another reason. The trial judge's determination that the claim was timely brought—affirmed by the review panel—is utterly without support in *any* finding of fact. The judge's bare conclusion, recited in her award, merely states that in this case "the statute of limitations has not run" and cites § 8. *Three* fact issues came to be implicated in the employer's time-bar defense by the evidence adduced below by the worker: (1) Did the employer comply with its statutory duty to post notice advising the workers of their rights under the compensation law? (2) Did the employer receive timely and sufficient notice of the worker's injury? and (3) Did the employer give this worker personal advice as to his right to file a claim? *The second and third fact* issues were undisputed but *neither party offered any proof on the first issue.*

Without a specific finding on the first fact issue—critical to and dispositive of the employer's time-bar defense—it is left to this court's conjecture whether the trial judge ruled in favor of the worker (a) because she concluded he was entitled to personal advice *even if* the employer had been in compliance with its statutory duty to post notice, or (b) because she believed it was the *employer's burden* to show its own compliance with § 8 and it had failed to adduce any proof on the critical issue of whether the notice required by § 8 stood posted at the jobsite.

The employer clearly was entitled to a specific finding and conclusion dispositive of its time-bar defense. The trial tribunal must make specific findings of fact and conclusions of law conformable and responsive to the critical issues formed by the evidence in a compensation proceeding. Its failure to comply with this *sine qua non* command constitutes a fatal infirmity that requires the decision to be vacated. Where, as here, findings of fact and conclusions of law are too indefinite for judicial interpretation, the appellate court will vacate the trial tribunal's award for further proceedings.[9]

### CONCLUSION

I dissent from the court's pronouncement. I would vacate the award and remand the claim to the trial tribunal with directions to determine whether this employer was in fact subject to the § 8 tolling sanction because he had failed to comply

---

8. *Purdy v. Flint Steel Corp.*, Okl., 535 P.2d 277 [1975].

9. *Parks v. Norman Mun. Hosp.*, Okl., 684 P.2d 548, 552 [1984]; *Dixon v. Sinclair-Prarie Oil Co.*, 201 Okl. 163, 203 P.2d 419, 421 [1949]; *Troup v. Baker*, 184 Okl. 329, 87 P.2d 158, 160 [1939].

with the notice-posting requirements; if the employer is found to have been in violation of the statutory command to post notice, the trial tribunal should further inquire and determine whether there was any causal connection between the employer's failure to advise the worker and the delayed filing of his claim.