Edward E. DERRYBERRY,
Petitioner-Appellant,

v.

CITY OF McALESTER, State Insurance
Fund and Workers' Compensation
Court, Respondents-Appellees.

No. 59217.

Supreme Court of Oklahoma.

Feb. 5, 1985.

William Craig Dawkins, Stipe, Gossett, Stipe, Harper, Estes, McCune & Parks, Oklahoma City, for petitioner-appellant.

Sam Hill, Bob Karnes, Oklahoma City, for respondents-appellees.

ALMA WILSON, Justice.

On November 19, 1981, Claimant Edward E. Derryberry filed a workers' compensation claim for permanent total disability benefits. Claimant alleged he contracted pneumonia as a consequence of dipping water out of underground water meter manholes during the course and scope of his employment as a meter reader with the City of McAlester.

Claimant's employment involved and required the reading of water meters located in holes below the ground. Often, these underground holes would be filled with water, forcing Claimant to dip out water in order to read the meter. Claimant testified that on May 5, 1979, it was wet and muddy; it had been raining for two or three days. All day Claimant was required to dip water from the underground water meter holes. At approximately 11 o'clock, Claimant began to run a temperature. Claimant finished work that day but was forced later that evening to go to a hospital where he was hospitalized after being diagnosed as suffering from pneumonia, for approximately 19 days or until May 25, 1979. Two

days later, on May 27, 1979, Claimant was readmitted to the hospital where he remained hospitalized until August 8, 1979, some 73 days. On August 8, 1979, he was transferred to another hospital where he underwent surgery to his lungs due to abscess and infection developing from the pneumonia. On August 13, 1979, Claimant was released from the hospital. He returned to his job on September 15, 1979 and continued his employment with the City of McAlester through mid-February, 1980.

During the month of February, 1980, Claimant testified there were approximately 6,000 meters to be read. The 6,000 meters required to be read in February were divided into 24 billing books. On February 14, 1980 the weather was rainy and cold. Claimant and his co-worker had progressed through book seven; they were behind by five books. He testified they were pushing harder to catch up because February was a short month and they were already behind. On that day, Claimant began experiencing shortness of breath and chest pain and lost consciousness while on the job. He was taken to the hospital and diagnosed as suffering from a mytral valve prolapse of his heart. After this hospitalization, Claimant went on leave of absence from his job, without pay, and was subsequently terminated.

Claimant amended his original Form 3 claim for compensation, filed November 18, 1981, to include his heart condition. Employer, City of McAlester, in its amended answer affirmatively alleged that the statute of limitations [1] barred Claimant's right to recovery. Claimant countered that the statute of limitations was tolled, pursuant to 85 O.S.1981 § 8:

> Every *employer* subject to the provisions of the Workers' Compensation Act *shall post and maintain* in one or more conspicuous places *a notice* to its employees covering the *rights and obligations* of employees *under the Workers' Compensation Act.* Such notice shall be prepared by the Administrator and shall be supplied to employers at no cost.[2]
>
> A supply of *forms* [3] as provided by the office of the Administrator *shall be*

1. The statutory time limitation governing the right to claim benefits under the Workers' Compensation Act absent proof of facts which operate to arrest, suspend, toll or waive the limitation is set forth at 85 O.S. 1981 § 43, which in pertinent part states: "The right to claim compensation under the Workers' Compensation Act shall be foreever barred unless, within one (1) year after the injury or death, a claim for compensation thereunder is filed with the Administrator. Provided, however, claims may be filed at any time within one (1) year from the date of last payment of any compensation or remuneration paid in lieu of compensation or within one (1) year from last authorized medical treatment."

2. The applicable notice prepared by the Administrator and supplied to employers at no cost states:

   TO THE EMPLOYEE
   IMPORTANT THINGS TO DO
   IN CASE OF INJURY

   In case of accidental injury or occupational disease, however slight, the employee should *IMMEDIATELY* notify this employer. If this employer be a partnership then such notice shall be given to any one of the partners, and if this employer be a corporation, then such notice shall be given to any agent or officer thereof upon whom legal process may be served. In either event, whether this employer is a partnership or corporation, then such notice shall be given to any agent in charge of business in the place where the injury occurred. *IN ALL CASES NOTICE OF INJURY MUST BE GIVEN WITHIN THIRTY DAYS.*

   In case of accidental injury or occupational disease, you should *IMMEDIATELY* file your claim for compensation with the Court. The employer is required to furnish the necessary blanks. Use Form 3 for accidental injury and Form 3–b for occupational disease.

   Claims for accidental injury not filed with the Court within one year from the date of injury are forever barred. Claims for occupational disease not filed with the Court within eighteen (18) months of either the last hazardous exposure or the date the disease first becomes manifest, whichever last occurs, are forever barred. *PROVIDED HOWEVER,* claims may be filed at any time within one year from the date of last payment of any compensation or remuneration paid in lieu of compensation or within one year from the date of the last medical treatment provided by the employer.

3. Forms provided at no cost by the office of the Administrator, required to be furnished by the employer to his employee, for use by employee to implement the right to file a claim under the

*made available to employees by employers* subject to the Workers' Compensation Act at no cost to either the employer or employee.

In the event an *employer having notice of an injury neglects to advise the injured employee* of the *right to file a claim under the Workers' Compensation Act,* the *statute of limitations* shall be *tolled* until such claim is filed.

Every *employer,* subject to the provisions of the Workers' Compensation Act, *shall also post and maintain* in one or more conspicuous places in or about his place of business *notices* in a form prescribed by the Administrator stating the fact *that he has complied with the rules and regulations* [4] adopted governing the implementation of the Workers' Compensation Act *and* that he has *secured the payment of compensation* [5] to his employees and their dependents in accordance with the Workers' Compensation Act. [Emphasis ours.]

The Workers' Compensation Court denied the claim. A three judge review panel affirmed, one judge dissenting. Claimant appealed and the Court of Appeals, Division No. 1, affirmed the denial of Claimant's claim stating that "[t]he plain meaning of § 8 requires employers only to post notice of employee rights and obligations and then only if such notice is not posted will the Statute of Limitations thereby be tolled." We grant certiorari and vacate the opinion of the Court of Appeals.

In *White v. Loffland Brothers Equipment,* 689 P.2d 311 (Okl.1984) and *Armco, Inc. v. Holcomb,* 694 P.2d 937 (Okl.1984), this Court acknowledged and gave legal force and effect to *all* provisions of 85 O.S.1981 § 8, *above.* We held that where an employer has received actual notice of an employee's injury, paragraph three of 85 O.S.1981 § 8 requires that the employer

*advise* the injured employee of his right to file a claim under the Workers' Compensation Act; and non-compliance with this statutory directive expressly tolls the statute of limitations until such claim is filed. If the Legislature had intended only one method of notice to employees, it could have easily used but one term.

In the present case the evidence establishes that Claimant's employer had actual knowledge of all the facts and circumstances of Claimant's alleged work related pneumonia and heart condition, yet neglected to advise Claimant of his right to file a claim under the Workers' Compensation Act. Moreover, upon inquiry regarding the possibility of disability benefits which might be available, according to Claimant's uncontroverted testimony, following each occurrence Claimant's employer made dissuasive comments:

Q: When you went to speak with [the personnel technician] did you tell him about the problems that you have been having and the hospitalizations and the doctors and surgeries that you had undergone?

A: Yes, sir.

Q: Did you discuss with [the personnel technician] the various things such as insurance and sick leave and that sort of thing?

A: Yes, sir.

Q: Did you ask [the personnel technician] about how these surgeries and hospitalizations would be covered?

A: I did.

Q: Did [the personnel technician] inform you as to how they would be covered?

A: He told me in my case it would just come under the employee benefits.

Q: Would that be under your group insurance?

A: Yes.

---

Workers' Compensation Act include Form 3, the *"Employee's First Notice of Accidental Injury and Claim for Compensation". See,* 85 O.S. 1981 Ch. 4, App.R. 11.

**4.** Rules and Regulations adopted by the Workers' Compensation Court to govern the implementation of the Workers' Compensation Act under the authority of 85 O.S. 1981 § 77, are found at 85 O.S. 1981 Ch. 4, App.R. 1, *et seq.*

**5.** An employer is required to secure the payment of compensation to his employees in one of the ways specified in 85 O.S. 1981 § 61.

Q: Did you ask him about any other type of insurance?

A: I asked him if it couldn't be job related and he informed me no.

. . . . .

Q: Go ahead and indicate what you were told by [the personnel technician].

A: He told me that this would not apply to the job related accident insurance.

Q: Did [the personnel technician] ever inform you of your rights to file a Workers' Compensation claim, Mr. Derryberry?

A: No, sir.

. . . . .

Q: Then the following week [after last hospitalization] did you have an occasion to go back to the personnel department and talk with anyone?

A: Yes, sir when I brought the slip from the doctor.

. . . . .

Q: At any time in February 1980 did [personnel representatives] ever tell you that you have a right to file a Workers' Compensation claim, Mr. Derryberry?

A: They never did tell me that I had a right to do that, they just said that it wouldn't apply to me in my case.

Q: That what wouldn't apply to you?

A: My illness was not a job related injury.

Q: Is that what they told you?

A: Yes.

. . . . .

A: (By Claimant) I tried to get [retirement benefits], after they told me that this wouldn't be covered I asked them about my retirement since I was disabled.

Q: Is that when you had these conversations with [the personnel technician], is that right?

A: No, sir, I had a conversation with him prior to that, I had a conversation with him way back and then it was discussed again because I asked him if I couldn't have a waiver on my life insurance and also about the Workers' Comp and he said no, that it wouldn't apply to me.

According to the uncontroverted evidence, we find that Claimant met his burden to establish facts which operate to toll the limitation of 85 O.S.1981 § 43,[6] by virtue of his employer's neglect of duty to advise an injured employee of the right to file a claim under the Workers' Compensation Act pursuant to 85 O.S.1981 § 8. The duty of an employer is not to judge whether or not an injury would be compensable, but rather to advise the injured employee of his right to file a claim.

The opinion of the Court of Appeals is vacated and the order of the Workers' Compensation Court is reversed and this cause is remanded to the Workers' Compensation Court for further proceedings.

SIMMS, C.J., DOOLIN, V.C.J., and HODGES and KAUGER, JJ., concur.

LAVENDER, HARGRAVE and OPALA, JJ., dissent.

OPALA, Justice, dissenting.

Once again the court has visited upon the *wrong party* the tolling penalty prescribed in the third paragraph of 85 O.S. 1981 § 8.[1]

---

6. The burden of proof in workers' compensation cases rests upon the claimant seeking benefits to establish all the essential elements of his claim, and upon the employer or insurance carrier to establish facts which bar the claimant's right to recovery. An essential element of a claim for worker's compensation is the right to recovery. The burden of proof therefore devolves upon the claimant to establish essential facts which would operate to arrest, suspend, toll or waive the statute of limitations, pursuant to 85 O.S.

1981 § 8, to establish his right to recovery. Armco v. Holcomb 694 P.2d 937 (Okl.1984).

1. The provisions of 85 O.S. 1981 § 8 are:
   "Every employer subject to the provisions of the Workers' Compensation Act shall post and maintain in one or more conspicuous places a notice to its employees covering the rights and obligations of employees under the Workers' Compensation Act. Such notice shall be prepared by the Administrator and shall be supplied to employers at no cost.

Today's opinion declares that an employer neither shown nor found to have been in violation of the § 8 command to post on-the-job notice to workers must either *personally advise every worker*—from whom notice of injury is received—of his right to file a claim or suffer the penalty provided in the third paragraph of § 8, by which the applicable limitation period in 85 O.S. 1981 § 43 is tolled until *personal advice* has been given to the worker. As in similar other cases considered previously, I write to express my disapproval of the court's recent § 8 jurisprudence.[2]

When the first three paragraphs of § 8 are read together, its text clearly does not warrant applying the tolling sanction to anyone other than the *employer found to have been in disobedience of the § 8 command to post* the officially approved notice in a conspicuous place at the jobsite. The plainly intended target of the third paragraph's tolling penalty *was the offending employer*. It is that employer *only* who must give *personal advice* to the injured worker. This is so because *that employer's worker is deprived of advice by posting*. A worker injured in the service of a nonoffending employer has been advised by the posted notice. The text of that notice—approved by the Workers' Compensation Court—communicates to workers—more fully than personal advice would ever accomplish—*all* the rights as well as procedure for asserting them. There *is absolutely nothing in the entire § 8* which requires *more advice* to injured workers than is imparted by the text of *the official notice that must be posted*. The third

paragraph of § 8 should not be mistaken for a *prophylactic device*—an extra safeguard against loss of rights through ignorance. Rather, it is to be viewed as a *punitive measure*. Its plain purpose is neither *to afford* every victim of an industrial accident or occupational disease *an additional form of notice nor to establish personal notice as superior to posted notice*. Instead, the clear objective of the measure, apparent from its text, *is to deter* employer noncompliance with the posting requirement by a *penalty of tolling* that is to be imposed on every *offender* who fails to provide the worker known to have been injured with *the law's only sanctioned substitute for the mandated notice by posting—personal advice*.

## I

## THIS WORKER DID NOT SHOW HIMSELF ENTITLED TO PERSONAL ADVICE

This worker's claim, brought below November 18, 1981 and later amended February 4, 1982, seeks benefits for two accidental events—one of May 5, 1979 and the other of February 14, 1980. The proceeding came to be initiated *more than one year after each of the two accidents alleged*. Since the worker relied for timeliness of his claim on the tolling provisions in § 8, he bore the burden of proving that *his employer was in violation* of § 8 for failure to post at the jobsite the officially approved notice. *This critical element in*

---

A supply of forms as provided by the office of the Administrator shall be made available to employees by employers subject to the Workers' Compensation Act at no cost to either the employer or employee.

*In the event an employer having notice of an injury neglects to advise the injured employee of the right to file a claim under the Workers' Compensation Act, the statute of limitations shall be tolled until such claim is filed.*

Every employer, subject to the provisions of the Workers' Compensation Act, shall also post and maintain in one or more conspicuous places in or about his places of business notices in a form prescribed by the Adminis-

trator stating the fact that he has complied with the rules and regulations adopted governing the implementation of the Workers' Compensation Act and that he has secured the payment of compensation to his employees and their dependents in accordance with the Workers' Compensation Act." [emphasis mine]

2. *Loffland Brothers Equipment v. White*, Okl., 689 P.2d 311, 314–315 [1984] (Opala, J., concurring in judgment) and *Armco, Inc. v. Holcomb et al.*, Okl., 694 P.2d 937 (1985) (Opala, J., dissenting).

*the worker's chain of proof is absent from the record.* Because the worker did not establish the employer's failure to post notice, he was not entitled to personal advice concerning his right to file a claim.

## II

THE EMPLOYER'S DISSUASIVE UTTERANCES TO THE WORKER—EXPRESSING A NEGATIVE VIEW OF HIS CLAIM'S COMPENSABILITY—DID NOT OPERATE TO TOLL THE APPLICABLE ONE-YEAR LIMITATION PERIOD PRESCRIBED IN 85 O.S. 1981 § 43

The worker's reliance for tolling upon the employer's dissuasive utterances, by which a negative view came to be expressed of the claim's compensability, is plainly misplaced. Unless (a) some affirmative act of concealment or (b) *some misrepresentation that excludes suspicion and prevents inquiry* is shown, an employer's failure to disclose or believe that a worker's injury may be of a compensable character will not operate to arrest the running of limitations.[3]

Inasmuch as there is here *no showing* of (a) the employer's failure to post notice at the jobsite or of (b) the employer's affirmative concealment or misrepresentation, the claim under review was barred by the one-year time limit in 85 O.S. 1981 § 43.

## III

### CONCLUSION

Because the worker's claim was not timely filed, I would leave undisturbed both the Court of Appeals' opinion [4] and the order of the three-judge review panel.

LAVENDER and HARGRAVE, JJ., join in this view.

---

**3.** *McClenahan v. Oklahoma Ry. Co.,* 131 Okl. 73, 267 P. 657 [1928].

---

**4.** *Derryberry v. City of McAlester* et al., Okl.App., 54 OBJ 1593.