**YORK MANUFACTURING COMPANY, and Continental Casualty Company, Petitioners-Appellants,**

v.

**Mary Ann FIELDS, and The Workers' Compensation Court, Respondents-Appellees.**

No. 61290.

Supreme Court of Oklahoma.

Feb. 26, 1985.

Rehearing Denied Sept. 24, 1985.

Catherine A. Gatchell, Pierce, Couch Hendrickson Johnston & Baysinger, Oklahoma City, for petitioners-appellants.

Richard A. Bell, Norman, for respondents-appellees.

ALMA WILSON, Justice.

We review by certiorari an opinion of the Court of Appeals, Division No. 1, reversing the order of the Workers' Compensation Court awarding permanent partial disability benefits to Claimant Mary Ann Fields.

Mary Ann Fields filed her Form 3 claim for workers' compensation benefits on April 1, 1983. Her employer, York Manufacturing Company, defensively interposed the statute of limitations at 85 O.S.1981 § 43 [1] as barring Field's right to recovery

---

1. The statutory time limitation governing the right to claim benefits under the Workers' Compensation Act absent proof of facts which oper-

ate to arrest, suspend, toll or waive the limitation is set forth at 85 O.S.1981 § 43, which in pertinent part states: "The right to claim com-

under the Workers' Compensation Act. The Workers' Compensation Court found that she sustained an accidental personal injury to her neck, hands and left shoulder on March 29, 1982, arising out of and in the course of her employment with York Manufacturing Company. The Workers' Compensation Court further found that Employer York had actual knowledge of the injury, but failed to notify Claimant Mary Ann Fields of her rights, thus tolling the statute of limitations pursuant to 85 O.S. 1981 § 8. The provisions of 85 O.S. § 8 prescribe the following requirements:

"Every *employer* subject to the provisions of the Workers' Compensation Act *shall post and maintain* in one or more conspicuous places *a notice* to its employees covering the *rights and obligations* of employees *under the Workers' Compensation Act.* Such notice shall be prepared by the Administrator and shall be supplied to employers at no cost.[2]

A supply of *forms* [3] as provided by the office of the Administrator *shall be made available to employees by employers* subject to the Workers' Compensation Act at no cost to either the employer or employee.

In the event an *employer having notice of an injury neglects to advise the injured employee of the right to file a claim under the Workers' Compensation Act,* the *statute of limitations* shall be *tolled* until such claim is filed.

Every *employer*, subject to the provisions of the Workers' Compensation Act, *shall also post and maintain* in one or more conspicuous places in or about his places of business *notices* in a form prescribed by the Administrator stating the fact *that he has complied with the rules and regulations* [4] adopted governing the implementation of the Workers' Compensation Act *and* that he has *secured the*

---

pensation under the Workers' Compensation Act shall be forever barred unless, within one (1) year after the injury or death, a claim for compensation thereunder is filed with the Administrator. Provided, however, claims may be filed at any time within one (1) year from the date of last payment of any compensation or remuneration paid in lieu of compensation or within one (1) year from last authorized medical treatment."

**2.** The applicable notice prepared by the Administrator and supplied to employers at no cost states:

TO THE EMPLOYEE
IMPORTANT THINGS TO DO IN CASE OF INJURY

In case of accidental injury or occupation disease, however slight, the employee should *IMMEDIATELY* notify this employer. If this employer be a partnership then such notice shall be given to any one of the partners, and if this employer be a corporation, then such notice shall be given to any agent or officer thereof upon whom legal process may be served. In either event, whether this employer is a partnership or corporation, then such notice shall be given to any agent in charge of business in the place where the injury occurred. *IN ALL CASES NOTICE OF INJURY MUST BE GIVEN WITHIN THIRTY DAYS.*

In case of accidental injury or occupational disease, you should *IMMEDIATELY* file your

claim for compensation with the Court. The employer is required to furnish the necessary blanks. Use Form 3 for accidental injury and Form 3–b for occupational disease.

Claims for accidental injury not filed with the Court within one year from the date of injury are forever barred. Claims for occupational disease not filed with the Court within eighteen (18) months of either the last hazardous exposure or the date the disease first becomes manifest, whichever last occurs, are forever barred. *PROVIDED HOWEVER*, claims may be filed at any time within one year from the date of last payment of any compensation or remuneration paid in lieu of compensation or within one year from the date of the last medical treatment provided by the employer.

**3.** Forms provided at no cost by the office of the Administrator, required to be furnished by the employer to his employee, for use by employee to implement the right to file a claim under the Workers' Compensation Act include Form 3, the *"Employee's First Notice of Accidental Injury and Claim for Compensation".* *See,* 85 O.S.1981 Supp. Ch. 4, App.R. 11.

**4.** Rules and Regulations adopted by the Workers' Compensation Court to govern the implementation of the Workers' Compensation Act under the authority of 85 O.S.1981 § 77, are found at 85 O.S.1981 Supp. Ch. 4, App.R. 1, *et seq.*

*payment of compensation*[5] to his employees and their dependents in accordance with the Workers' Compensation Act." [Emphasis ours.]

Interpreting 85 O.S.1981 § 8, *above*, as requiring only the *posting of a notice*, the Court of Appeals concluded there was no competent evidence to sustain Claimant's burden of proof to establish that the statute of limitations was tolled by virtue of Employer's failure to comply with the statutory requirements of 85 O.S.1981 § 8.

The burden of proof in workers' compensation cases rests upon the claimant seeking benefits to establish all the essential elements of his claim, and upon the employer or insurance carrier to establish facts which bar the claimant's right to recovery. *Armco, Inc. v. Holcomb*, 694 P.2d 937 (Okl. 1985). In the present case, as in *Armco*, Employer asserted the statute of limitations as a defensive bar to the claimant's right to recovery under the Workers' Compensation Act. Here, in support of Employer York's defense, the record establishes that Claimant Mary Ann Fields filed her claim three days beyond the statutory time period prescribed by 85 O.S.1981 § 43. The burden of proof therefore devolved upon Claimant Fields to adduce essential facts which would operate to arrest, suspend, toll or waive the statute of limitations, pursuant to 85 O.S.1981 § 8, to establish her right to recovery beyond the prescribed period.

Claimant testified that during the last two or three months of her employment with York Manufacturing she worked in the company tool and die program, which required repetitive use of her hands. She testified that as she was the only woman in the program, generally everything was tooled out of proportion to her reach. She further testified that during the last week she worked at York, she reached for something in the tool and die room and injured her shoulder; that she reported this injury to her immediate supervisor and also quit her job in the tool and die program that week. Claimant alleged she gave two reasons to her employer for leaving: (1) To take a "simple" job which did not require lifting and reaching; and, (2) because of "my injury." According to Claimant's testimony, her immediate supervisor knew why she was quitting. Finally, Claimant testified she filled out numerous forms on the day she quit her job with York, but that nothing was mentioned about the necessity of filing anything regarding her injury.

In response, York's personnel and safety director did not assail the testimony of Claimant, but stated only that problems of health were noted in Mary Ann Field's portfolio as the reason for quitting with no other specifics. The director, however, did introduce photographs into evidence of the company bulletin board. Depicted on the bulletin board was the workers' compensation notice to employees. According to the director's testimony, the notice was posted on the date of Claimant's injury.

 In the case of *Loffland Brothers Equipment v. White*, 689 P.2d 311 (Okl. 1984) we held that in cases where it can be proven that an employer has, in fact, received actual notice of an employee's injury, paragraph three of 85 O.S.1981, § 8 requires that the employer *advise*, the injured employee of his right to file a claim under the Workers' Compensation Act; and, that non-compliance with this directive expressly tolls the statute of limitations until such claim is filed. In the present case, whether or not Claimant has proven that her employer, in fact, received actual notice of her injury is obviously a question of fact. Where it is contended that the statute of limitations has been tolled or waived and that determination is dependent upon a question of fact, the finding of the Workers' Compensation Court will not be disturbed on appeal when it is based upon testimony tending to show such fact. *Armco, supra*. We find that the order of the Workers' Compensation Court on this

---

**5.** An employer is required to secure the payment of compensation to his employees in one of the ways specified in 85 O.S.1981 § 61.

issue is supported by competent evidence, as is the finding of job related accidental injury.

The opinion of the Court of Appeals is vacated and the order of the Workers' Compensation Court is AFFIRMED.

SIMMS, C.J., DOOLIN, V.C.J., and HODGES and KAUGER, JJ., concur.

LAVENDER, HARGRAVE, OPALA and SUMMERS, JJ., dissent.

KAUGER, Justice, concurring.

This is really a simple matter. Title 85 O.S.1981 § 8 requires an employer to post. The first paragraph of § 8 serves the functional and useful purpose of protecting an employer who posts against all claims *unless* the employer knows of the injury. Posting is not sufficient advisement if the employer has notice of the injury.

I am authorized to state that SIMMS, C.J., DOOLIN, V.C.J., and HODGES, J. join in the views herein expressed.

OPALA, Justice, dissenting.

The trial judge found that this worker's claim for her March 29, 1982 injury, *though commenced more than a year later*—on April 1, 1983—*was nonetheless timely brought.* The decision rests upon the finding that the employer "had knowledge of the claimant's alleged injuries and did not notify [her] of her rights and thus tolled the statute of limitations (85 O.S. 8)." Today's opinion sustains this decision. I recede from the court's pronouncement and reiterate my disapproval of its recent § 8 jurisprudence.[1]

The tolling sanction in the third paragraph of 85 O.S.1981 § 8 [2] may be imposed *only* on those employers who are shown to have been in violation of the first and fourth paragraphs in that section. These paragraphs require that officially prepared notice to workers be posted at a conspicuous place on the jobsite. Employer adduced *undisputed proof* that at all times material to this claim the notice mandated by statute remained prominently displayed on the bulletin board in the work place. Since posted notice was maintained, the worker was *"advised."* Because the employer's § 8 responsibility to inform her was not *"neglected"* but plainly discharged, the worker was not entitled to personal advice. As to this respondent, the tolling penalty was hence misapplied. It should not have been imposed on a nonoffending employer.

In the factual context of this case, today's jurisprudence *repeals* the first and fourth paragraphs in § 8. Notice by posting, plainly mandated therein, is now passed to dysfunction. It will serve no useful purpose. The employer may no longer rely on it as a shield from the penalty of tolling; the worker does not need it. If notice of injury is given, the worker is

1. *Loffland Brothers Equipment v. White,* Okl., 689 P.2d 311, 314–315 [1984] (Opala, J., concurring in judgment); *Armco, Inc. v. Holcomb et al.,* 694 P.2d 937 (1985) (Opala, J., dissenting) and *Derryberry v. City of McAlester,* 56 OBJ 339, 695 P.2d 853 (No. 59,217, February 5, 1985) (Opala, J., dissenting).

2. The provisions of 85 O.S.1981 § 8 are:
"Every employer subject to the provisions of the Workers' Compensation Act shall post and maintain in one or more conspicuous places a notice to its employees covering the rights and obligations of employees under the Workers' Compensation Act. Such notice shall be prepared by the Administrator and shall be supplied to employers at no cost.
A supply of forms as provided by the office of the Administrator shall be made available to employees by employers subject to the Workers' Compensation Act at no cost to either the employer or employee.
*In the event an employer having notice of an injury neglects to advise the injured employee of the right to file a claim under the Workers' Compensation Act, the statute of limitations shall be tolled until such claim is filed.*
Every employer, subject to the provisions of the Workers' Compensation Act, shall post and maintain in one or more conspicuous places in or about his places of business notices in a form prescribed by the Administrator stating the fact that he has complied with the rules and regulations adopted governing the implementation of the Workers' Compensation Act and that he has secured the payment of compensation to his employees and their dependents in accordance with the Workers' Compensation Act." [Emphasis mine]

entitled to personal advice. If it is not, posting still rarely, if ever, would be of consequence as a shield from tolling. The claim likely would be barred for *unexcused* failure timely to give notice of injury. 85 O.S.1981 § 24A. Because the law does not contemplate a dysfunctional status for the posted notice, I cannot countenance an imposition of the tolling sanction upon nonoffending employers.

There is here another reason for vacating the award. According to *undisputed* evidence, this worker was quite familiar with compensation procedures. She had been successful in recovering benefits on at least one prior occasion. Without some additional explanatory proof or finding based thereon—which is absent from the record before us—the untimeliness of her delayed claim can neither be ascribed to, nor excused by, lack of advice from the employer.[3] There is here simply no causal nexus between want of advice and the belated institution of the proceeding.

I would hence leave the opinion of the Court of Appeals undisturbed. There is no error in its pronouncement that the instant claim was barred by the one-year time limit in 85 O.S.1981 § 43.

LAVENDER, HARGRAVE and SUMMERS, JJ., join with me in these views.

---

**3.** See *Armco, Inc. v. Holcomb et al.,* 694 P.2d 937, 942 (1985) (Opala, J., dissenting).