**K–MART CORPORATION, and Own Risk, Petitioners,**

v.

**Earnest J. KING, and Workers' Compensation Court, Respondents.**

No. 62002.

Court of Appeals of Oklahoma, Division No. 4.

April 9, 1985.

Rehearing Denied May 16, 1985.

Certiorari Denied July 9, 1985.

Released for Publication by Order of the Court of Appeals July 22, 1985.

Vicki Robertson, Holloway, Dobson, Hudson & Bachman, Oklahoma City, for petitioners.

J. Clark Russell, Russell, Payne & Farber, Oklahoma City, for respondents.

BRIGHTMIRE, Presiding Judge.

Claimant, Earnest J. King, was employed as an assistant manager at K-Mart. His job was to supervise sales personnel and to see that the patio and hardware departments were stocked with goods. Claimant worked some twelve to fourteen hours a day until he had a stroke in the middle of the night on or about November 23, 1981. He was taken to the hospital and he has not worked since.

On January 13, 1983, claimant filed an action to recover workers' compensation benefits. In its answer, respondent denied claimant was injured in the course of his employment and alleged that any perma-

nent disability claimant had resulted from previous injury. It further alleged that, in any event, the claim was filed more than one year after the injury and was therefore barred by the statute of limitations.

· The case was tried and, after finding that the claim was not barred by the statute of limitations, the court awarded claimant permanent total disability compensation. Employer appealed to the Workers' Compensation Court en banc. It affirmed the order and its review is now sought in this court.

## I

■ The employer's first proposition is that it was error to find that the claim was not barred by the one year statute of limitations, specified in 85 O.S.1981 § 43, because the claim was filed more than a year after the injury.

Claimant admits the belated filing but contends the § 43 limitation was tolled by the employer's failure to comply with the provisions of 85 O.S.1981 § 8, which specify that any statute of limitations is tolled if "an employer having notice of an injury neglects to advise the injured employee of the right to file a claim under the Workers' Compensation Act." To prove a § 8 tolling, claimant offered evidence that although the employer knew of his injury, it did not advise him of his right to file a compensation claim. This evidence was corroborated by the testimony of K-Mart's general manager who recalled that claimant's wife called him after the stroke and that he went to visit claimant in the hospital two or three times. The manager said he was aware of the severity of claimant's condition, saying that when he visited claimant in the hospital, "[h]e communicated, yes, but whether he knew I was there, I don't know." When asked whether "any notice of any Workers' Compensation benefits [was] given to Mr. or Mrs. King or this Court prior to the filing the Court has just announced in February of 1983," the general manager replied, "I don't know." He did know, however, that he did not at any time advise claimant's wife, on behalf of

the brain-damaged claimant, that the latter had a right to file a claim under the Workers' Compensation Act.

Whether the statute of limitations has been tolled in this case was a question of fact. The trial court's determination that subject claim was not barred by the statute of limitations is supported by competent evidence. *Armco, Inc. v. Holcomb*, 694 P.2d 937 (Okla.1985).

## II

■ Employer's second contention is that claimant's medical evidence has no probative value because it is based on an incomplete and inaccurate medical history. What the employer has reference to is the fact that neither of claimant's two medical reports contain a complete history of all claimant's previous medical problems dating back to 1965 and for that reason alone the conclusions of the two physicians should have been ignored by the court, leaving claimant without any medical evidence.

There are at least two things wrong with this idea. First, the employer refers to no specific historical omission which it deems of critical importance. Second, it makes no effort to explain or demonstrate how the unidentified omissions operate to deprive claimant's two reports of probative value.

Mere conclusional statements such as the employer makes in its brief are hardly sufficient to instill in us a conviction that the employer itself has any significant confidence in their legal legitimacy.

Perhaps the reason the employer cannot do more with its hypothesis is because it did not think enough of it in the trial court to try and expose the supposed fatal weaknesses underlying the opinions of claimant's physicians by exercising its right to cross-examine them.

We have read the medical reports in question. While the employer does not actually say so, we presume it is concerned with the validity of the causal connection claimant's physician made between the claimant's employment and the cerebral

vascular accident suffered on November 23, 1981, because all physicians agree he is totally and permanently disabled. Claimant's doctors emphasized cause-related recent history pertaining to claimant's employment as well as his health. Employer's medical expert on the other hand devoted only one short sentence to the work-related history but nearly a page to a history of various medical problems, mostly cardiopathic in nature but including other problems such as "nephrolithiasis" (kidney stones) dating clear back to 1965. This doctor said he failed to see how the stroke could be work-related, but, using a string of fifty dollar words, opined that the stroke was caused by a "cerebral embolism" (blockage of vessel in brain) which in turn was caused by:

> "atrial fibrillation and arteriosclerotic heart disease, 1st degree AV block, incomplete left bundle branch block, atrial fibrillation, history of ventricular premature contractions with coupling and ventricular tachycardia and congestive heart failure, enlarged heart, chronic obstructive pulmonary disease, diabetes, obesity, history of encephalitis and history of nephrolithiasis."

And then, as though fearing one might gain from his report an impression otherwise, the employer's doctor added: "There is no suggestion of aggravation," meaning evidently that claimant's work did not aggravate these pre-existing medical problems and precipitate the cerebral disaster. Maybe one reason why the court did not believe this physician is because it found it difficult to see how the supposed embolism could be caused by a *"history* of ... heart failure, enlarged heart, chronic pulmonary disease, diabetes, obesity, *history* of encephalitis ... and *history* of nephrolithiasis" (kidney stones c. 1965) as such. (Emphasis added.)

In stark contrast to this sweeping aoristic view were the focused ones of claimant's medical experts. After setting out recent relevant history, one physician succinctly concludes: "The stress and physical fatigue [of the long hours worked during the Christmas rush] precipitated the stroke." The other physician said, "It would therefore, based upon his history, be my opinion that the stress of his work at K-Mart was a factor in precipitating [sic] his cerebrovascular accident, which has resulted in his present impairment."

There was considerable competent evidence supportive of the order appealed. It is sustained.[1]

RAPP and STUBBLEFIELD, JJ., concur.

1. Claimant's second motion to dismiss the appeal is overruled.